## JOSEPH TELFORD

### v.

## BRINKERHOFF & OLIVER.

*Negotiation of Loan—Brokers' Commission, Action for—Motion for Continuance—Affidavit for, on Ground of Absence of Party.*

1. Where brokers are engaged to negotiate a loan for a proposed borrower on specified terms for a specified commission, and do secure the loan, which the borrower fails to accept and give security for, in an action brought by the brokers to recover their commission, *held*, that it was unnecessary for the brokers to tender the money to their client. When the money was secured and the client notified, it then became his duty to give the proposed security and take the money.

2. A motion for a continuance on account of inability of a party to the suit to be present at the trial must be supported at least by proof that the party is unable to attend, and that his presence is necessary to a fair trial.

[Opinion filed December 7, 1892.]

APPEAL from the Circuit Court of Marion County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Telford v. Brinkerhoff & Oliver.

Messrs. CASEY & DWIGHT, for appellant.

Mr. L. M. KAGY, for appellees.

MR. JUSTICE GREEN. Appellees were loan brokers engaged in the business of negotiating loans of money for borrowers. Appellant applied to them to procure for him a loan, and they agreed to get $10,000 by a certain time to be loaned to him for five years at six per cent interest, to be secured by a mortgage on 920 acres of land owned by him. Appellant agreed to borrow that sum, furnish such security and take the money upon the terms above stated, and pay appellees a commission of three per cent upon amount of the loan for their services in procuring the same. In pursuance of this agreement appellees procured the money by the time mentioned to be loaned appellant as agreed, and at once notified him of the fact, but he failed to furnish the security and take the money, or pay them their commissions. After waiting a long time appellees demanded the payment of their commissions, and appellant not paying the same, they brought this suit and recovered a judgment for $300, to reverse which appellant took this appeal.

In our opinion the evidence fully established appellant's liability to pay appellees the amount recovered. It is contended, however, that appellees having failed to make a formal *tender* of the money to appellant, could not maintain this suit. Such a tender in this case was not required to be made. When appellees had procured the sum agreed upon, and had it ready to loan appellant, for the time, upon the terms, and to be secured as agreed upon, and notified appellant as they did, he was called upon to act and furnish the security, and take the money and pay the commissions as he had promised to do. It is further insisted the trial court erred in denying the oral motion for continuance interposed on behalf of appellant.

The only reason given why the cause should be continued was, that appellant was absent because of sickness. This motion was made on January 19, 1892, and at the time the

cause was called for trial. Nothing was shown in support of the motion except the testimony of John M. Whitlow as follows:

"I was at Joseph Telford's house on yesterday and saw Mr. Telford and conversed with him. When I saw him first he was on his way from his house to his wind mill pump, and said he was going to fix the pump, as the boys could not do it. It was snowing very hard at the time, and was very cold and blustery. He (Telford) told me to go on to the house and he would come as soon as he got the pump fixed. He afterwards come to the house, and I told him I had been sent out by Brinkerhoff & Oliver to compromise the case with him if I could, and if we could not compromise, to see if he would be able to attend the trial, and if he was not able to attend the trial, to arrange for a continuance of the case. We failed to compromise, and Mr. Telford would not agree to a continuance of the case, and would not agree for me to telegraph Brinkerhoff & Oliver not to come. He said he wanted the matter disposed of; that if it was not too stormy he would be here at the trial. He thought he would come down to his brother James' last night. That he was feeling better and would have been at Farina that day looking after his cattle if it had not been very stormy and bad. He would not agree to a continuance and would not agree that appellees should be notified not to come. Moreover, it does not appear by said testimony that appellant's presence was necessary to a fair trial of the cause, or that if he had been present he would have testified on his own behalf to any matter of fact establishing a defense to the cause of action.

A motion for continuance on account of the inability of a party to the suit to be present at the trial must, at least, be supported by some proof that he is unable to attend, and also that there are good and sufficient reasons why his presence is necessary to a fair trial of the cause, otherwise such motion ought to be denied. The court did not err in denying the motion for continuance nor in its rulings touching the instructions. Affidavits of appellant and his attorney and of the brother of appellant were filed in support of the motion

for a new trial, but after a careful examination thereof we are satisfied they furnished no sufficient reasons why the verdict ought to have been set aside and the motion sustained.

The judgment of the Circuit Court was right and is affirmed.

*Affirmed.*