## George M. Brinkerhoff and Margaret V. Oliver, Administratrix of Edward T. Oliver, v. Joseph Telford.

1. RES ADJUDICATA—*Matters Litigated at Law.*—When the subject-matter of a bill in chancery has been litigated in an action at law, the matter becomes *res adjudicata*.

Brinkerhoff v. Telford.

**Bill to Set Aside a Judgment.**—Appeal from the Circuit Court of Marion County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Submitted at the August term, 1894. Reversed, etc. Opinion filed March 23, 1895.

L. M. KAGY, attorney for appellants.

S. L. DWIGHT, attorney for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

Brinkerhoff and Oliver obtained a judgment against Telford in the Circuit Court for commissions for securing a loan for him. Telford was not present in court at the time judgment was rendered, but was sick at his home in the country. After judgment the facts in regard to his illness, and the alleged facts in regard to the conduct of one Whitlow, who was the agent of the plaintiffs, were set out fully in affidavits filed in support of a motion for new trial. These affidavits tended to show that Telford had a meritorious defense, which he was prevented from making by the misconduct of Whitlow. Counter affidavits or evidence was heard, and the motion for a new trial was overruled and the case appealed to this court, where the judgment was affirmed. After that, this case was begun in chancery by Telford, to set aside said judgment, to which Whitlow was made a party defendant, with Brinkerhoff and Oliver.

The bill sets up substantially the same facts that were set out in the affidavits used on the motion for new trial. It alleges the defendants conspired to deceive and defraud Telford. It would be useless to set out in detail the evidence introduced on this trial and on the motion for a new trial, and go into a minute analysis thereof. It is conclusion and not argument that is wanted in an opinion based upon facts. After a careful investigation of the evidence, we are unable to find that any conspiracy existed on the part of any of the defendants to defraud or deceive Telford, and especially are we unable to find that Whitlow designed or desired to mislead him. The bill is based upon such alleged fraud of Whitlow. These averments are the life of

this case. Our finding, therefore, defeats it. Ward v. Durham, 134 Ill. 195.

. The subject-matter of this bill was litigated in the case of Telford v. Brinkerhoff et al., 45 Ill. App. 586, and therefore it is *res adjudicata.*

It is unnecessary to look into other questions raised in the arguments of counsel. The decree will be and is hereby reversed, with directions to dismiss the bill.