JOSEPH TELFORD

v.

GEORGE M. BRINKERHOFF et al.

*Filed at Mt. Vernon November 11, 1896.*

1. EQUITY—*equity will not set aside a judgment at law where jurisdiction is concurrent.* Where courts of law and equity have concurrent jurisdiction of a question, and such question is decided at law, equity will not re-examine it.

2. INJUNCTIONS—*equity will not enjoin judgment upon grounds relied on in overruled motion for new trial.* Where a party in a suit at law moves for a new trial and fails, he cannot then apply to the same judge for an injunction, and re-try his case in equity.

3. SAME—*what complainant must show to justify the enjoining of a judgment.* A party seeking to enjoin a judgment must show that he has a good defense to the merits, or that he was prevented from making his defense by the fraud of the opposite party, being himself without negligence, or that the plaintiff had no cause of action.

*Brinkerhoff* v. *Telford*, 58 Ill. App. 56, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

S. L DWIGHT, for appellant:

The rule that equity will not relieve against the neglect of a party in a suit at law who has not made a proper defense or moved for a new trial, will depend upon the fact that he knowingly had a day in court. *Owens* v. *Ranstead*, 22 Ill. 161.

Equity will restrain when defendant had a good legal defense but has been deprived of it by fraud. *Winchester* v. *Grosvenor*, 48 Ill. 521.

Equity will relieve against a verdict which is contrary to good conscience, perpetually, or grant a new trial. *Wilday* v. *McConnell*, 63 Ill. 278.

Equity will grant relief against a judgment which is against conscience, or the justice of which can be im-

peached by facts, or on the grounds of which he was prevented from availing himself by fraud, accident, mistake or the act of the opposite party, without any negligence or fraud on his part. *McGehee* v. *Gold,* 68 Ill. 215; *Shinkle* v. *Letcher,* 47 id. 216.

A judgment or decree obtained by fraud upon a court does not bind such court or any other, and its nullity upon this ground, though it has not been set aside or reversed, may be alleged in a collateral proceeding. Kerr on Fraud and Mistake, 293.

L. M. KAGY, for appellees:

To entitle a defendant to relief against a judgment or decree on the ground of fraud, accident or mistake, it must be made evident that he had a defense on the merits, and that such defense has been lost to him without his own omission, negligence or default. *Ward* v. *Durham,* 134 Ill. 195.

The matter contained in appellant's bill having been presented to the court on motion for a new trial, is *res judicata,* and will not be reviewed by a court of equity. 1 High on Injunctions, (3d ed.) sec. 115; *Guthrie* v. *Dowd,* 33 Ill. App. 69.

A court of equity will not grant a new trial on the ground of alleged perjured testimony, especially when the same matter has been brought up and passed on in a court of law. *Guthrie* v. *Dowd,* 33 Ill. App. 69; *Railroad Co.* v. *Ennor,* 116 Ill. 55.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill filed at the July term, 1893, of the circuit court of Marion county by appellant, Telford, against appellee, George M. Brinkerhoff, and one Edward T. Oliver, since deceased, and of whose estate Margaret V. Oliver is administratrix, to set aside and vacate a judgment, rendered by said court on February 23, 1892, in

favor of Brinkerhoff & Oliver, a firm of loan brokers composed of said George M. Brinkerhoff and said Edward T. Oliver, against appellant, in a suit brought against him by said firm for the recovery of commissions due them for negotiating a loan for him, and to enjoin the collection of said judgment and the levying of an execution issued thereon on February 1, 1893. The judgment so recovered against appellant was affirmed by the Appellate Court in December, 1892, as will be seen by reference to *Telford* v. *Brinkerhoff & Oliver,* 45 Ill. App. 586.

Answers were filed denying the material allegations of the bill. After issue formed and hearing had, the circuit court rendered a decree ordering that the judgment be set aside, that the execution issued thereon be canceled, and that the suit at law, in which the judgment was rendered, be placed upon the docket for trial, and that there be a new trial thereof. From this decree, setting the judgment aside and ordering a new trial of the issues involved in the suit, an appeal was taken to the Appellate Court, where the decree of the circuit court was reversed, and the cause was remanded with directions to dismiss the bill, as will be seen by reference to *Brinkerhoff* v. *Telford,* 58 Ill. App. 56. From this judgment, reversing and remanding with directions to dismiss, the present appeal is prosecuted, accompanied by a certificate of importance signed by two judges of the Appellate Court.

It appears, that the suit at law for the commissions was set for trial on January 19, 1892, in the circuit court, and appellant, who lived a few miles from the county seat on his farm, was informed by his attorney beforehand of the day fixed for the trial. On the day before the trial, to-wit: January 18, 1892, one Whitlow, the local agent of Brinkerhoff & Oliver, the latter being residents of Springfield, Illinois, went to appellant's farm to try to obtain a settlement of the suit, but failed to effect any compromise. While Whitlow was at appellant's farm, some conversation occurred between them upon the ques-

tion whether the suit should be tried the next day, or should be continued, as it had been continued twice before. Whitlow and appellant contradict each other as to what was said. The former swears, that appellant declined to consent to a continuance, and said that he would be present himself if the weather was not too bad. Whitlow also swears, that, although it was a cold day and snow was on the ground, appellant was out of the house, attending to some matter connected with the management of his farm. On the other hand, appellant swears, that he and his family were sick with the "grip," and that Whitlow agreed with him to go to town and see his attorney and try to have the case postponed to some later day in the term. When the case was called, appellant's attorney made an oral application for continuance, which was denied. Whitlow made a statement of what he claims to have taken place between himself and appellant the day before. Oliver was on hand, and the trial proceeded in the absence of appellant, and resulted in said judgment against him.

Appellant made a motion for a new trial a few days after the trial was had, and supported the motion by affidavits of himself and two members of his family, setting up therein what occurred between himself and Whitlow upon the subject of the continuance, according to his understanding of what was said. The plaintiffs in the suit submitted counter affidavits. The circuit judge, however, denied the motion for a new trial.

The bill herein proceeds substantially upon two grounds: *First*, the same facts, which were set up in the affidavits filed on the motion for new trial, that is to say, appellant's alleged sickness, Whitlow's alleged violation of an agreement to continue the case, and appellant's absence from the trial on account of such sickness and agreement, as claimed by him, are urged as reasons for setting aside the judgment and ordering a new trial. *Second*, it is furthermore charged, that Whitlow was in-

terested with Brinkerhoff & Oliver in the claim against appellant, and that there was a conspiracy between them to defraud appellant by keeping him away from the trial and obtaining a judgment in his absence.

*First*—A bill in equity to stay proceedings at law after judgment is always examined with jealous scrutiny. · The general rule is, that no relief will be granted where the matter, upon which the claim to relief is founded, was litigated in the original action. Accordingly where a party moves for a new trial and fails, he cannot then upon the same facts apply to the same judge for an injunction and re-try his case in equity. Nor will a court of equity, as a general rule, set aside a judgment because it is founded upon perjured evidence. (1 High on Injunctions,—3d ed.—sec. 113; Hayne on New Trials and Appeals, sec. 340; *Collins* v. *Butler*, 14 Cal. 226; *United States* v. *Throckmorton*, 8 Otto, 61). "A judgment will not be enjoined upon grounds which · had been relied upon on a motion for a new trial, and which had on such motion been held insufficient." (1 High on Injunctions,—3d ed. —sec. 115; *Matson* v. *Field*, 10 Mo. 100). Where courts of law and equity have concurrent jurisdiction over a question, and such question is decided at law, equity will not re-examine it. It is also well settled, that a party who seeks to enjoin a judgment must show that he himself has a good defense to the merits, or that the plaintiff had no cause of action. (1 High on Injunctions,—3d ed.—sec. 114; Hilliard on New Trials,—2d ed.—p. 591, par. 4).

The affidavits, presented on the motion for new trial by both parties in relation to what was said between them in regard to a continuance of the cause, are in the record. A comparison of their contents with the allegations of the present bill upon that subject shows, that there is no substantial difference between the matters set up in the bill and the matters set up in the affidavits of appellant. The merits of the question, as to whether appellant was misled and wrongfully deprived of a con-

tinuance of the cause, were passed upon by the law court when it denied the motion for a new trial; and therefore a court of equity will not review the question. A circuit court, with full jurisdiction to pass upon given facts, should not apply one measure of relief when sitting as a court of law, and another and different measure of relief when sitting as a court of equity. (Hayne on New Trials and Appeals, sec. 340).

It has not been here shown, that the plaintiffs obtaining the judgment had no cause of action, nor that appellant had a good defense to the suit. We think the Appellate Court correctly held, that "the evidence fully established appellant's liability to pay appellees the amount recovered." (45 Ill. App. 586).

*Second*—So far as the second ground upon which the bill proceeds, is concerned, we are inclined to agree with the Appellate Court in the statement, made by them in their opinion in the present·case, when they say: "After a careful investigation of the evidence, we are unable to find that any conspiracy existed on the part of any of the defendants to defraud or deceive Telford, and especially are we unable to find that Whitlow designed or desired to mislead him."

"The loss of a defense, to justify a court of equity in removing a judgment, must in all cases be occasioned by the fraud or act of the prevailing party, or by mistake on the part of the losing party, unmixed with any fault of himself or agent." (*Ward* v. *Durham,* 134 Ill. 195). The proof fails to show, that appellant was prevented from making defense to the action at law by the fraud or act of the opposite party, or that he himself was entirely free from negligence or fault in the matter.

Upon neither ground set up in the bill was appellant entitled to relief. Accordingly, the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*