## Valentine Hofmann v. James D. Burris et al.

1. RES ADJUDICATA—*Where Courts of Law and Equity Have Concurrent Jurisdiction Over a Question,*—Where courts of law and equity have concurrent jurisdiction over a question, and such question is decided at law, equity will not re-examine it.

2. SAME—*How Far a Motion for a New Trial is Conclusive.*—If a motion for a new trial has been made in and denied by a court of law, the judgment of that court denying the motion is conclusive, not only as to all grounds presented in support of the motion, but as to all grounds which might have been presented in support of it: and a court of equity will not grant relief in such case on grounds available in the law court.

3. APPELLATE COURT PRACTICE—*What is Necessary to Warrant Disturbing the Master's Report Confirmed by the Court.*—In order to warrant a reviewing court in disturbing the finding of the master confirmed by the court, the weight of the evidence must be clearly against it.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed November 12, 1903.

FRANK P. BLAIR and L. A. GILMORE, attorneys for appellant.

LACKNER, BUTZ & MILLER, attorneys for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a decree dismissing a bill for want of equity. The bill was filed by appellant against James D. Burris, J. G. Meek and Ernest G. Magerstadt, sheriff of Cook county, for the purpose of obtaining a new trial in an action at law. Answers were filed by the defendants, to which appellant replied; the cause was referred to a master, who found for appellees, and recommended that the bill be dismissed. The court overruled exceptions to the master's report, confirmed it and dismissed the bill. The facts are substantially as follows:

Appellee Burris sued appellant in assumpsit in the Supe-

rior Court of Cook County.    The summons was issued April 21, 1898, returnable to the May term, 1898, and was served on appellant April 21, 1898.    A declaration was not filed in time for the May term of the court, but was filed May 27, 1898, in time for the next June term, and June 14, 1898, appellant having failed to plead to the declaration, judgment was entered against him by default for the sum of $14,935.    June 17, 1898, appellant, by his attorney, moved the court to set aside the default, and filed certain affidavits in support of the motion.    The affidavits were by Eben F. Runyan, Eben F. Runyan, Jr., and Jesse F. Viele, appellant's attorneys, and also an affidavit of appellant.    The affidavit of Runyan, Jr., and Viele, are in substance that June 1, 1898, they went to the office of the clerk of the Superior Court and examined the file wrapper of the suit and the clerk's register, and that there was no declaration in the file wrapper and no notation of the filing of a declaration in the register.    Runyan, Sr., stated in his affidavit that May 1 and June 1, 1898, he directed the records to be examined to see if a declaration had been filed.    His affidavit also contains the following :

" Deponent further says that he knows of his own knowledge that said defendant, Valentine Hofmann, has a good defense to said suit upon the merits, and that he is not indebted to James D. Burris for $1, on account of the cause of action claimed in said cause, and has not been indebted to him since the date of the giving of the deed by said James D. Burris to said Valentine Hofmann."

Appellant, Hofmann, in his affidavit filed in support of the motion, stated that he was not indebted to Burris one dollar, or any other person, on account of said land.    The claim of Burris was for the balance of the purchase money of land sold by him to Hofmann.    Appellee Meek was the equitable owner of such balance.

The bill prays, among other things, that the judgment may be re-opened and a new trial granted.    The grounds stated in the bill for relief are the same as stated in the affidavits heretofore mentioned.

The Superior Court, sitting as a law court, had ample

jurisdiction to hear and decide appellant's motion. The same grounds relied on in the law courts are relied on in the bill of equity. Under such circumstances this matter must be regarded as *res adjudicata*.

"Where courts of law and equity have concurrent jurisdiction over a question, and such question is decided at law, equity will not re-examine it." Telford v. Brinkerhoff, 163 Ill. 439; Folsom v. Ballard, 70 Fed. Rep. (Ct. Ct. of App., 8 Ct.) 12; Haughy v. Strang, 2 Porter (Ala.), 177; Davis v. Bass, 4 Porter (Ind.), 313; R. R. Co. v. Neal, 1 Wood's Ct. Ct. Rep. 353; Matson v. Field, 10 Mo. 100; Smith v. Lowry, 1 Johns. Ch. 320; Orcutt v. Orms, 3 Paige, 459.

In Folsom v. Ballard the court say :

"A court of equity possesses no appellate or supervisory power over courts of law. And it is well settled that where a motion for a new trial has been made in the trial court, and refused, it can not be successfully renewed in the form of a bill in equity in a chancery court, on the same grounds. The law court had full jurisdiction of the subject-matter and the parties, and its judgment overruling the motion for a new trial is no more subject to review by a court of equity than is its judgment in any other case. In Simpson v. Hart, 1 Johns. Ch. 97, Chancellor Kent said that where courts of law and equity have concurrent jurisdiction over a question, and it receives a decision at law, equity can no more re-examine it than courts of law, in a similar case, could re-examine a decree in the court of chancery."

In R. R. Co. v. Neal the judgment was by default; a motion was made in the law court to set it aside and for a trial, which was denied, when the defendant filed a bill in equity. The court, although apparently of opinion that the complainant's motion in the law court should have been allowed, dismissed the bill.

In Matson v. Field, 10 Mo. 100, the judgment was also by default, and a motion to set aside the judgment was denied. Held, that a court of equity would not grant relief, the court saying, among other things:

"So in the case of Simpson v. Hart, 1 Johns. Ch. 91, Chancellor Kent held that 'when courts of law and equity have concurrent jurisdiction over a question, and it receives

Hofmann v. Burris.

a decision at law, equity can no more re-examine it than courts of law, in a similar case, could re-examine a decree in chancery.' "

In Orcutt v. Orms, *supra*, Chancellor Walworth, delivering the opinion, says:

" In cases where this court has concurrent jurisdiction with courts of law, a judgment at law ought to have the same effect in this court, upon the rights of the parties to a re-examination of the same question, as it would have in a court of common law, if there has been no fraud and undue means to obtain the legal bar."

The general rule deducible from adjudged cases, and which we think in accordance with reason and principle, is that if a motion for a new trial has been made in and denied by a court of law, the judgment of that court denying the motion is conclusive not only as to the grounds presented in support of the motion, but as to all grounds which might have been presented in support of it; and that a court of equity will not grant relief in such case on grounds available in the law court. If a court could review the judgment of another court of concurrent jurisdiction in the premises, there would be no end of litigation, and *Interest reipublicae ut sit finis litium* is a legal maxim. If appellant was dissatisfied with the judgment denying his motion, he might have sought a reversal of it in a court of review by appeal or writ of error; but until reversed it is binding on him. The Superior Court sitting in chancery was powerless to review its judgment while sitting as a court of common law. Appellant's counsel urges that it is not claimed in appellees' answers that appellant's remedy is at law. We think counsel mistake the contention of appellees, which is not that appellant's remedy is at law, but that his remedy, namely, by motion to set aside the judgment and for a trial, was resorted to in the law court, and was heard and denied; and that the judgment denying the motion is conclusive against his right to relief in equity. Counsel further contend that in view of the evidence appellant had no defense at law; but even though this were true, appellant can not be heard to so contend, because he pre-

sented, in support of his motion in the law court, the affi-· davit of Runyan, Sr., in which this occurs: "Deponent further says that he knows of his own knowledge that said defendant, Valentine Hofmann, has a good defense to said suit on the merits," and also presented his own affidavit to the same effect. However, we do not agree with appellant's counsel that appellant could not, in the court, have presented such defense as he claims to have had. But if appellant has, as claimed, no defense at law, this disposes of the present bill, which is for a trial at law.

Evidence was introduced before the master both for and against the claim of appellee Burris, who had the legal, and appellee Meek the equitable, title. In view of our conclusion that a court of equity will not, under the circumstances stated, re-examine the matter, a discussion of the evidence would be a work of supererogation. Suffice it to say that the master found against appellant on the merits, and that the court confirmed the master's report, and that in such case the rule is that, to warrant a reviewing court in disturbing the finding, the weight of the evidence must be clearly against it. Siegel v. Andrews & Co., 181 Ill. 350, 356.

We can not hold that the weight of the evidence is clearly against the master's finding. The decree will be affirmed.