## Robert E. Cantwell, Appellant, v. C. H. Kimmerle, Trustee in Bankruptcy of Lyle, Gage & Co., Appellees.

### Gen. No. 17,475.

1. CHANCERY—*when will not relieve from adjudication at law.* Equity will not interfere to relieve from an adjudication of a law court having full jurisdiction except upon the ground of newly discovered evidence; of fraud in obtaining the judgment; or of some inevitable accident or mistake.

2. CHANCERY—*when will not enjoin enforcement of judgment at law.* When in a suit on a note in a court having complete jurisdiction matters of set-off and payment were pleaded, evidence was heard and judgment was rendered for plaintiff, equity will not enjoin its enforcement on the grounds that it was unjust, irregular or erroneous or because the court of equity would have come to a different conclusion in deciding the case.

Appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 30, 1913.

A. N. TAGERT, for appellant.

ROSENTHAL & KURZ, for appellee.

Mr. Presiding Justice Duncan delivered the opinion of the court.

This appeal is prosecuted by Robert E. Cantwell to reverse a decree of the Superior Court dismissing his bill of complaint for want of equity, on evidence heard in open court.

The facts averred in the bill are, in substance, that on April 8, 1907, appellant at Chicago bought from Frank Lyle some law books for $1,300, by paying $1,000 in cash and giving his note to Lyle for $300; that on November 19, 1907, said note was surrendered to appellant by Lyle in consideration of a renewal note for $311 due January 2, 1908, signed by appellant and payable to Frank Lyle, "by the style and description of The City Bank, Lyle, Gage & Co., Bankers, Dowagiac, Michigan;" that in March, 1908, Lyle, Gage & Co. were adjudicated bankrupts by the District Court of the United States for the Southern District of Michigan, and C. H. Kimmerle appointed trustee in bankruptcy of said bankrupt estate; that on May 13, 1909, said trustee in bankruptcy obtained in the Municipal Court of Chicago a judgment on said second note for $338.40 and $9.50 costs, against appellant; that said Frank Lyle was at the time of said adjudication in bankruptcy, and still is, indebted to appellant for legal services rendered to him during the year prior to said bankruptcy for an amount exceeding the amount of said judgment; that about October, 1907, appellant paid the Chicago American one hundred dollars at Frank Lyle's request, and that said Lyle afterwards agreed with appellant that said sum and the amount due appellant for services should be applied to the payment of said indebtedness and the note returned to appellant; that said Lyle was a member of the firm of Lyle, Gage & Co., and that each and all of them were at the same time adjudged and are bankrupts, and had knowledge that said note was so paid, and that it belonged to said Frank Lyle; that by reason of the possession of said note by said trustee, ap-

pellant could not in a court of common law secure said set-off, and therefore prays that said trustee be en⸱ joined perpetually from attempting to collect said judgment, etc.

The evidence of appellant on the trial tended to prove his bill. The evidence, however, also showed that he had pleaded the matters of set-off and payment set up in his said bill in the Municipal Court, and that a trial was had and evidence heard upon said issues and that the verdict and judgment of the court were rendered against him on those issues in the Municipal Court. Frank Lyle testified in the Municipal Court, in substance, that he turned this note over to said banking firm and took credit for it on his personal account there; that the note was never paid by appellant and that appellant had no rightful claim or set-off against the payee of the note, and it is conceded by appellant that he made his defense in the Municipal Court, the same defense now made in this court. There is no question that the Municipal Court had full jurisdiction to hear and decide the matters there and here in issue. A court of equity will not interfere to relieve a party from such an adjudication, except upon the ground of newly discovered evidence since the trial; of fraud in obtaining the judgment; or of some inevitable accident or mistake. 2 Story's Equity Jurisprudence, Secs. 1572, 1573; Hofmann v. Burris, 110 Ill. App. 348; Telford v. Brinkerhoff, 163 Ill. 439.

A court of equity will not enjoin the enforcement of such a judgment when the law court had complete jurisdiction, on the grounds simply that it was unjust, irregular or erroneous, or because the court of equity would in deciding the cause have come to a different conclusion. A writ of error was appellant's proper remedy. 1 Black on Judgments, Sec. 367; More v. Bagley, 1 Ill. (Breese) 94; Clark v. Ewing, 93 Ill. 572.

The decree of the court is affirmed.

*Decree affirmed.*