## Joseph F. Masterson v. Henry M. Knights.

### Gen. No. 4,806.

COMMISSIONS—*when broker entitled to.* When a broker at the request of his client has secured a lender, ready, willing and able to make the loan desired by such client, the broker is entitled to his commission.

Action commenced before justice of the peace. Appeal from the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

CLIFFE & CLIFFE, for appellant.

JONES & ROGERS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Henry M. Knights brought suit before a justice of the peace against Joseph F. Masterson to recover $25, compensation for negotiating a loan for him. The defendant appealed from the judgment of the justice of the peace to the Circuit Court. On the trial in the Circuit Court the jury returned a verdict for the plaintiff for $25. A motion for a new trial was overruled and judgment rendered on the verdict. The defendant appeals.

It is insisted the judgment is not supported by the evidence. The record shows that appellant held a contract for the purchase of a farm upon which there was due to a Mrs. Boynton $7,500, bearing interest at the rate of six per cent. per annum. Appellant wanted to renew the loan for from five to ten years, and the best terms for a continuation of the loan he could make with her was at five and one-half per cent. per annum. Appellee testified: "I asked him if he wanted me to try and get it for him. He said he did if he could get it at five per cent." Appellee told appellant there would be a commission attached, that he usually

got one per cent. but he would cut that; that appellee asked $45 and appellant said, "No, I will give you twenty-five," and appellee replied, "Let it go at that." Appellant admits saying he would give $25. After this appellee arranged with Mr. Clark to make the loan to appellant at five per cent. if the title was all right. The appellant and appellee arranged to meet Clark at Sycamore on Saturday, October 1st, to complete the loan. When appellee first arranged with Clark to make the loan, Clark did not have $7,500 of his own on hand, but he made an arrangement to procure the balance, so that he was ready, willing and able to make the loan. On the last day of September appellant arranged with Mrs. Boynton for an extension of the loan with her at five per cent. and appellant then told appellee and Clark "the deal was off; that Mrs. Boynton had agreed to let him have the money at five per cent." Appellee then asked about his commission and appellant offered him five dollars; and this appellee, having arranged with Mr. Clark to make the loan, refused to accept. Appellant says because the title papers had not been examined it is not known that Clark would have made the loan. Appellant cannot take advantage of his own act in making the loan elsewhere, and by preventing an examination of the title, defeat appellee's claim when the broker had performed the whole duty for which he was employed. It will be presumed appellant's offer to borrow was on a merchantable title. When the broker, at the request of appellant, has secured a lender ready, willing and able to make the loan on a good title, the broker is entitled to his commission, when after that is done the borrower, without any excuse, declines to complete the loan which he had engaged the broker to obtain for him, and prevents the loan from being made by making the loan elsewhere. Swigart v. Hawley, 140 Ill. 186; Springer v. Orr, 82 Ill. App. 558.

The jury could reasonably find for appellee on the evidence of the appellant.

It is argued the instructions were erroneous. The instructions informed the jury that if they believed from the evidence that there was an express or implied agreement between the parties that defendant would pay plaintiff twenty-five dollars for procuring the loan at five per cent. they would find for plaintiff in the sum of twenty-five dollars. It is argued that an implied contract could only be to pay what the services were reasonably worth. The instruction was proper when considered in the light of the evidence. Defendant offered to pay twenty-five dollars for the loan, and plaintiff on that statement secured the loan, so that there was either an express or implied acceptance of the offer of defendant. There being no error in the judgment, it is affirmed.

*Affirmed.*