[No. 6125.]

## KILPATRICK v. INMAN.

1. Attachment — Affidavit — Failure to take and use a carriage and horses, according to the terms of an agreement with the keeper of a public stable, is not a ground of attachment under the seventh clause of sec. 2700, Mills' Stats.—(516)

Fraud relied upon as a ground of attachment, must relate to facts then or theretofore existing. The mere nonperformance of a contract cannot be converted into a fraud.—(516)

2. Evidence—Relevancy—Corroboration—Where parties dispute as to whether a contract alleged on the part of the plaintiff was entered into, any fact tending to show the improbability that defendant entered into the agreement alleged, or that the making of such agreement would have been unreasonable on the part of defendant, is relevant, in corroboration of defendant's testimony.—(516)

3. Damages—A judgment in favor of the keeper of a public stable allowing him the full contract price for the use of a rig which the defendant engaged for a considerable journey and failed to take, making no deductions for the expense of the return trip, the loss of the use of the team during such return, the expense of the driver, or wear and tear of the outfit, is excessive.—(517)

*Error to Routt County Court*—Hon. CHARLES A. MORNING, Judge.

Messrs. HOOD & McLEAN, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was brought before a justice of the peace, and by appeal found its way to the county court of Routt county, where a trial resulted in a judgment for the plaintiff in the sum of $27.50 and costs, and an attachment sustained; plaintiff in error, defendant in the court below, brings it here upon error.

Numerous errors are assigned, but we shall consider only three, as their determination necessitates a reversal of the judgment.

Considering the evidence most favorable to the plaintiff in the court below, it would only tend to show that the defendant (a resident of the city of Denver) while at Steamboat Springs, contracted over the telephone with the plaintiff, a liveryman at Craig, to furnish her a rig and driver for five days at $5.50 per day, to take her and party from Craig to Rifle, she to pay all expenses *en route;* that on account of this engagement the liveryman hired another horse, had him shod, kept him for several days, and was at some other expense in fitting up the team; that the plaintiff in error failed to take the rig, but, for reasons of her own, secured one from another barn.

Two grounds for attachment were alleged in plaintiff's affidavit: first, "that said debt is for an article, the price of which should have been paid for at the time of the delivery thereof, and which the said debtor refused to do"; second, "that said debtor fraudulently contracted said debt by false pretenses." Both were traversed by the defendant. Neither is supported by any evidence. First, the action (if any exists) was for damages for a breach of contract, and was not for an article, the price of which should have been paid for at the time of the delivery thereof; nothing was delivered. Second. there was no

fraud shown. A fraud must relate to facts then existing or which previously existed; the nonperformance of a promise made in the course of negotiations is not of itself a fraud or the evidence of a fraud.—*Adams v. Schiffer et al.*, 11 Colo. 15; *Farris v. Strong et al.*, 24 Colo. 107; *Johnson v. Stockham*, 89 Md. 358.

If, as plaintiff claims, Mrs. Kilpatrick had agreed, on September 1, 1905, to take his rig on September 10th and had refused to do so, this was not a fraud but a mere breach of contract; the court erred in overruling the defendant's motion to dismiss the writ of attachment.

Error is assigned upon the rejection of certain portions of the deposition of Mrs. Emma W. Creigh (the mother of Mrs. Kilpatrick and one of the party), by whom it was attempted to show that upon account of her age, past seventy, her physical condition, being under a doctor's care, etc., she was unable to go in a stage, and that Mrs. Kilpatrick desired for her the easiest kind of a vehicle, which was one of the reasons claimed by Mrs. Kilpatrick why she did not make a contract or agree to take plaintiff's conveyance without seeing it or knowing it was fit or adapted for her mother's need. We think the rejection of this testimony was error. The testimony of the parties concerning the ordering of the carriage was directly contradictory. Mrs. Kilpatrick testified she did not order it, but told Mr. Inman over the telephone she would call at his barn and if the vehicle was *comfortable,* and the terms satisfactory, she would take it to go to Rifle. Under such conditions, evidence of circumstances existing at the time the contract is alleged to have been made tending to establish the probability or improbability of the fact, or facts, which tend to show that the making of the agreement would have been unreasonable on the part

of the defendant, may be given in corroboration of her statement.—*Dexter v. Collins et al.*, 21 Colo. 455; *Brown, Admr., v. Tourtelotte, Executor*, 24 Colo. 204.

The judgment is excessive. It gave to plaintiff the entire alleged contract price for the trip, although no team was ever furnished or trip made. Without discussing the proper measure of damages in such cases, the plaintiff, to have made the trip, would have been to the further expense of his driver, the expense of the return trip, together with the loss of the use of the team during the period of time so consumed, as well as the ordinary wear and tear to the outfit during this period. The result of this judgment is to award him his full contract price, allowing him the use of the outfit during the period it would have been gone, and the saving of the incidental expenses. In other words, a greater margin or profit by the alleged breach of the contract than he could have made had it been performed. That a judgment of this kind cannot be sustained needs no citation of authorities. The instructions to the jury upon this phase of the case were erroneous.

For the reasons stated, the judgment is reversed and the cause remanded.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.

Opinion announced November 1, A. D. 1909; rehearing denied December 6, A. D. 1909.