[No. 13766. Department One. June 19, 1917.]

GEORGE E. MEZGER et al., *Appellants*, v. HAZELWOOD IRRIGATED FARMS COMPANY et al., *Respondents*.[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—GROUNDS. Under a contract for the sale of land requiring the vendor to set out and care for an orchard for one year, failure to properly care for the trees is not ground for rescission of the sale, the remedy being an action for damages.

APPEAL—REVIEW—FINDINGS. Upon conflicting evidence, findings will not be disturbed when supported by all the evidence.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered September 11, 1915, upon findings in favor of the defendants, in an action for rescission, tried to the court. Affirmed.

*Carl Ultes, Jr.*, for appellants.

*Cullen, Lee & Matthews*, for respondents.

MAIN, J.—The purpose of this action was to rescind a contract for the purchase of real estate. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law, and a judgment denying the rescission. From this judgment, the plaintiffs appeal.

The facts are these: On January 25, 1909, the appellants, being then residents of the city of Chicago, in the state of Illinois, purchased from the Hazelwood Irrigated Farms Company, a corporation doing business at Spokane, Washington, five acres of irrigated land, located near the city of Spokane. The selling agent through which this transaction was consummated was Neely & Young, a corporation located in the city of Spokane. The negotiations leading up to the purchase of the land were conducted by correspondence. The appellants at no time saw the land prior to February 13, 1914, when they came west for the

[1] Reported in 165 Pac. 872.

purpose of locating thereon. By the terms of the contract of purchase, the Hazelwood Irrigated Farms Company was to prepare the land, set it to trees, and care for the same for a period of one year. In addition to this, it was contracted between the parties that the Hazelwood Irrigated Farms Company would cultivate and take care of the orchard for a period of four or five years additional for a stipulated consideration. When the appellants came west and viewed the land and the trees thereon, they were dissatisfied in two respects: First, that the trees were not in as good condition as they should be; and second, that there was a depression on the south end of the tract next to the highway which rendered it undesirable as a home site. After tendering a deed to the Hazelwood Irrigated Farms Company, demanding the return of their money, and giving notice of a rescission, the appellants instituted the present action.

The fact that the trees had not been properly cared for, if it be a fact, would not furnish a ground for rescission, because the remedy for a breach of that portion of the contract would be an action for damages. *Crampton v. McLaughlin Realty Co.*, 51 Wash. 525, 99 Pac. 586, 21 L. R. A. (N. S.) 823; 3 Elliott, Contracts, § 2049.

If we understand the contention of the appellants correctly, they claim that it was represented to them, prior to the purchase, that the land was capable of producing a commercially bearing orchard, and that the trees would come into bearing between four and five years after planting, and that the tract was a suitable place for a home, all of which, it is claimed, was false and untrue.

There is little evidence in the record that would sustain the contention that the tract of land was incapable of producing a commercially bearing orchard, and that the trees would not come into bearing within five or six years.

The principal contention, however, is that the tract of land was not suitable for a home, because there was a depression on the south end thereof, upon which, during the spring

rains and freshets, water would accumulate.  The evidence upon the extent to which the water would cover the land, its depth, and the duration of time that it would remain thereon was conflicting.  If that offered by the appellants correctly described the extent, depth, and duration of the time that the water remained upon the land, the representation that the tract was suitable for a home site would doubtless be fraudulent.  On the other hand, if the evidence offered by the respondents correctly presents the situation, there was no false representation.  The trial court found that the representations made by the respondents were in good faith and were, in fact, true, and that the particular tract in question was suitable for a home.  After a careful consideration of all the evidence, we think it supports the findings and judgment of the trial court.

There are a large number of assignments of error by which questions of fact only are presented.  It would serve no useful purpose to review in detail the evidence of the respective parties, balancing one against the other, and show wherein the preponderance lies by pointing out the weakness of one and the strength of the other.  It is sufficient to say that, in our opinion, the appellants failed to establish their charge of fraud, and, as above stated, the question of damages for breach of the contract to properly care for the trees cannot be determined in this action.

The judgment will be affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.