### FOLKERTS v. MARYSVILLE LAND CO.

1. CONTRACTS—BREACH OF AN INDEPENDENT COVENANT DOES NOT WARRANT RESCISSION.

    A breach of an independent covenant which does not go to the whole consideration of the contract, but which is subordinate and incidental to its main purpose, does not constitute a breach of the entire contract or warrant its rescission by the injured party.[1]

2. SAME — CONCURRENT COVENANTS ARE DEPENDENT WARRANTING RESCISSION FOR BREACH THEREOF.

    Under a contract for the sale of certain city lots, wherein the vendor covenanted to have certain improvements on said lots completed within five years, and the vendees covenanted to pay the purchase price within the same time, the covenants are concurrent and therefore dependent, and a breach by the vendor warranted the vendees in rescinding the contract.[2]

[1]Covenants, 15 C. J. § 171 (Anno); [2]Id., 15 C. J. § 173 (Anno).

3. SAME—RIGHT TO RESCIND—WAIVER.

The vendees, by paying the full purchase price within three years and taking their deed did not waive their right to rescind for breach of the contract, after the expiration of the five years, since the vendor had two years in which to perform, and they had a right to assume that the vendor would perform as it had covenanted to do.[3]

4. CONTINUANCE—AMENDMENT OF DECLARATION—DISCRETION.

Where the declaration in an action by husband and wife for the breach of a contract containing two counts, one for lack of consideration and the other for damages, was amended at their request, after an election had been forced · upon them, by striking out the wife's name because the contract was made with the husband, refusal of defendant's request for a continuance and directing a verdict for plaintiff, *held*, not an abuse of discretion which should be disturbed by the Supreme Court, in view of the fact that defendant offered no proof and did not make it clear why, if he had an issue of fact, it should not be offered at that time.[4]

Error to St. Clair; Tappan (Harvey), J. Submitted June 22, 1926. (Docket No. 79.) Decided October 4, 1926.

Assumpsit by Herman H. Folkerts and another against the Marysville Land Company for money paid on a land contract. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Walsh, Walsh & O'Sullivan,* for appellant.

*Shirley Stewart* (*Eugene F. Black,* of counsel), for appellees.

BIRD, C. J. Plaintiffs purchased from defendant on contract two lots in the plat of the contemplated city of Marysville, situate near Port Huron, on the 5th day of February, 1920, in reliance upon a very rosy

---

[3]Vendor and Purchaser, 39 Cyc. p. 1433 (Anno); 21 L. R. A. (N. S.) 823; L. R. A. 1917B, 403; 27 R. C. L. 646; [4]Appeal and Error, 4 C. J. §§ 2780, 2812; Continuances, 13 C. J. § 96 (Anno); 6 R. C. L. 544; 2 R. C. L. Supp. 153; 4 R. C. L. Supp. 425; 5 R. C. L. Supp. 354.

view painted for them by an agent of defendant as to the future growth of Marysville.    The consideration for the two lots was $945 each.    The contract contained the following covenant by defendant:

"The seller agrees, as soon as feasible, and within five years from date, at its own expense:

"To construct cement sidewalks, five feet wide across the front of (and in case of corner lots also along side of) all lots sold in said subdivision.

"To cinderize or gravel all boulevards, streets and roadways abutting said lots in said subdivision.

"To lay, or cause to be laid, water mains in the streets across the front of the above described lot.

"To construct, or cause to be constructed, a lateral sanitary sewer, either in street in front of or easement in the rear of above described lot when a trunk sewer is brought up through said subdivision.

"To plant shade trees and grade and improve park-strips."

The plaintiffs made the payments required by the contract for a time and then on the 12th day of January, 1923, paid the balance due on the contract and secured deeds for the lots.    When the time limit had expired which defendant had in which to make the improvements plaintiffs found none were made.    They thereupon rescinded and tendered the deeds back to defendant and demanded the amount they had paid.

1. The defense set up was that the covenants to purchase and to pay therefor, and the covenant to make improvements were independent covenants, and a breach of the covenant to make improvements would not warrant its rescission, but would support an action for damages.    Both counsel have briefed this question thoroughly, and it appears to be a more or less difficult task in some cases to say whether the covenants are independent or dependent.

"A breach of an independent covenant which does not go to the whole consideration of the contract, but which is subordinate and incidental to its main purpose, does not constitute a breach of the entire contract

or warrant its rescission by the injured party." 3 Elliott on Contracts, p. 235.

Ruling Case Law has attempted to lay down some general rules for determining this question:

"Almost all the old cases and many of the modern ones on this subject are decided upon distinctions so nice and technical, that it is very difficult, if not impracticable, to deduce from them any certain rule as to what agreements are independent or dependent. The judges in these cases seem to have founded their construction on artificial and settled distinctions without regarding the intention and meaning of the parties or the good sense of the case. But the modern rule is that stipulations are to be construed to be dependent or independent according to the intention of the parties and the good sense of the case. Technical words should give way to such intention. Courts will not and ought not to construe covenants and agreements as independent, and still enforce performance by the other party, unless there is no other mode of construing the instrument, and unless it clearly appears to have been the deliberate intention of the parties at the time the instrument was executed. In brief, the courts will construe covenants to be dependent, unless a contrary intention clearly appears. A party should not be forced to pay out his money, unless he can get that for which he stipulated. On the other hand, covenants that are in form dependent are, to prevent injustice, sometimes treated as independent. Various rules have been adopted for the purpose of determining the meaning of the contract. In determining whether covenants are dependent or independent, the order of time in which they are to be performed is an important consideration. Where the acts or covenants of the parties are concurrent, and to be done or performed at the same time, the covenants are dependent, and neither party can maintain an action against the other, without averring and proving performance on his part." 6 R. C. L. p. 860.

Corpus Juris observes that:

"Covenants will be construed as dependent where the act of each party is to be done at the same time." 15 C. J. p. 1221.

*Bilansky* v. *Hogan*, 190 Mich. 463, appears to have adopted the statement in Ruling Case Law that, in determining whether covenants are dependent or independent, the order of time in which they are to be performed is an important consideration. Other cases in support of this rule are *Bean* v. *Atwater*, 4 Conn. 3; *Robinson* v. *Harbour*, 42 Miss. 795.

Looking at the contracts which plaintiffs made, with these tests in mind, we are persuaded that the covenants to make improvements are dependent. The reasons which have moved us to this position are, in part, as follows: (*a*) The contract does not, upon its face, show that the covenants are independent. (*b*) The time stipulated for the performance by each party is concurrent. The plaintiffs agree to fulfill their contract on February 5, 1925. The defendant promises that the improvements shall have been made on February 5, 1925. Therefore, the covenants to perform are concurrent and come within the rule stated. (*c*) These plaintiffs purchased these lots for a home. When they made the contract they had a right to expect, and probably did expect, that on the 5th day of February, 1925, they would have two lots in Marysville, with cement sidewalks in front of them, with an improved gravel or cinder road in front of them, with sewer facilities close at hand, with water mains in, and shade trees growing. Instead of this they found they had two lots in the middle of the field which would require the skill of a surveyor to identify them. It may be that plaintiffs would have purchased these lots without the promise of the improvements, but I am unable to bring myself to the point of believing it. They were simply of no value to them for a home without the improvements.

Defendant cites three cases upon which it relies in the main to establish the fact that the covenants are independent. *Crampton* v. *McLaughlin Realty Co.*, 51 Wash. 525 (99 Pac. 586, 21 L. R. A. [N. S.] 823);

*Mezger* v. *Hazelwood Irrigated Farms Co.,* 97 Wash. 43 (165 Pac. 872); *American Emigrant Co.* v. *Adams County,* 100 U. S. 61.   We think these cases may be distinguished from the present case on the ground that the covenants of the parties were not to be performed at the same time.   Our conclusion upon this point is that the covenants to improve and the covenants to purchase and pay for were dependent and susceptible of rescission.

2. Defendant asserts that if the covenants were dependent the plaintiffs waived their right to rescind by paying up and taking a deed before the time arrived for performance by defendant; that this made it an executed contract.   Had plaintiffs waited and made their payments according to contract, and, when they made their last payment the improvements were not made, this would, doubtless, be true.   By paying up and accepting the deed it would be strong proof they were willing to accept the premises without the improvements.   But when plaintiffs paid defendant it had two years yet in which to make the improvements, and plaintiffs had a right to assume that they would be made as promised.   We do not think the plaintiffs waived the right to rescind.   *Tennant Land Co.* v. *Nordeman,* 148 Ky. 361 (146 S. W. 756).

3. Plaintiffs' declaration contained a count for a failure of consideration, and also one for damages. They were driven to their election and they elected to stand on the lack of consideration.   Plaintiffs' attorney then asked to amend the declaration by striking out the name of Lilly Folkerts, inasmuch as the contracts were made with Herman H. Folkerts.   Defendant objected, but the court allowed it.   Then defendant's counsel requested a continuance.   This was denied, and the court directed a verdict for the plaintiff.   Counsel offered no proof in the case.   He did not make it clear, if he had an issue of fact, why it should not be offered at that time.   In view of

this, we do not feel that we should disturb the discretion of the court.    *Yagunchok* v. *Rutledge,* 219 Mich. 82.

The judgment of the lower court is affirmed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.