SHIMANS v. STEVENSON.

1. ASSIGNMENTS—ASSIGNEE HAS NO GREATER RIGHTS THAN ASSIGNOR.

Assignee of claim has no greater rights than those of assignor.

2. CONTRACTS—DEPENDENT CONTRACT NOT NEGOTIABLE.

Undertaking to pay certain sum of money, contemplated to become due under terms of another contract, on day promisor is elected treasurer of certain corporation, lacks essentials of negotiable instrument.

3. SAME—FAILURE OF CONSIDERATION IN MAIN AGREEMENT IS FAIL-
URE IN AGREEMENT DEPENDENT THEREON.
> Where agreement to pay certain sum of money was dependent
> upon its becoming due under main agreement as part of con-
> sideration set forth therein, if said additional sum did not
> become due under main agreement, there was failure of con-
> sideration for dependent agreement.

4. SAME—CONSIDERATION.
> Where purchaser on contract of one-half of capital stock of
> corporation and one-half interest in two partnerships paid
> down certain amount, which was to be included in total amount
> to be paid, expected to be considerably in excess of down pay-
> ment, and later executed dependent contract, in which he
> agreed to pay certain sum on day he should be elected treas-
> urer of corporation, as part of consideration in main con-
> tract, but said sum is not now due, and whether it will ever
> become due depends on outcome of pending suit for account-
> ing in reference to partnership, in action on dependent con-
> tract, judgment of no cause of action was justified.

5. APPEAL AND ERROR—TRANSFER TO CHANCERY SIDE OF COURT.
> Where, in action on dependent contract, liability thereon is con-
> tingent on outcome of pending suit for accounting, judgment
> of no cause of action reserving to plaintiff right to renew
> action at law on termination of suit for accounting, is modi-
> fied, on review, by giving him right to have said judgment
> set aside and have case transferred to chancery side of court
> as suit for accounting.

Error to Wayne; Jayne (Ira W.), J. Submitted
June 18, 1929. (Docket No. 122, Calendar No.
34,440.) Decided October 7, 1929.

Assumpsit by Samuel Shimans, as assignee,
against Charles H. Stevenson on a contract for the
sale of an interest in a partnership. From a judg-
ment for defendant, plaintiff brings error. Affirmed.

*Samuel Shimans* (*Harold Goodman,* of counsel),
*in pro. per.*

*Frederick B. Brown,* for defendant.

Butzel, J. On May 2, 1925, one Edward E. Ornstein, hereinafter called the assignor, together with his wife, entered into a written agreement to sell to defendant the following:

(a) One-half of the entire capital stock of a corporation known as the Pleasant Lake Land Company, which owned a subdivision at Pleasant Lake, Oakland county, Michigan, and which had sold a large number of lots in the subdivision on land contracts, upon which there was still considerable due.

(b) A one-half interest in the Spring Lake Land Company, and also in the Spring Lake Annex Company, being joint enterprises, or partnerships, doing business under assumed names.

Assignor claimed that he owned a one-half interest in the latter two partnerships, and a Mrs. Dora L. Williams owned the other half. The assets of the two partnerships principally consisted of vendors' interests in land contracts given in payment of real estate commissions. The total consideration defendant agreed to pay assignor was $27,500 upon execution of the contract, to be included in and not added to the total amount to be paid by defendant, and additional amounts to be computed in accordance with the contract.

Attached to the contract of purchase of these interests by party of the second part from said assignors were three exhibits, A, B, and D, giving a list of land contracts of the three companies, upon which the consideration was to be based. Paragraph 9 of this agreement provided as follows:

"Ninth: The principal inducement to party of the second part in purchasing said capital stock and other properties herein mentioned is the land contracts listed in Exhibits "A," "B" and "D." The

total consideration to be paid by party of the second part, including and not in addition to the twenty-seven thousand five hundred ($27,500) dollars paid on the execution of this agreement, will be percentages of the balance of unpaid principal of such of the land contracts listed in Exhibits "A," "B" and "D" as may be received by him at the time of the distribution of the assets of said Pleasant Lake Land Company, as follows:"

Then follows three subparagraphs in which the land contracts are divided into those which had been performed according to their terms up to the time within 90 days of the date of dissolution of the Pleasant Lake Land Company and distribution of the assets thereof and/or of said partnerships; those which had been performed according to their terms later than 90 days and up to a period within six months of such date of dissolution and distribution of the assets; and those which had been performed according to their terms up to a time later than six months from the date of the dissolution of said Pleasant Lake Land Company and distribution of the assets thereof. After each subparagraph there is a scale of percentages sliding downwards varying 1 per cent. or more, dependent upon the period of time that the dissolution and distribution is accomplished from the date of the agreement.

At the time the contract was entered into between the parties, it was believed by all parties that a considerable sum, far in excess of $27,500, would become due from defendant to assignor. The $27,500 payment was to be included and not added to the total consideration to be determined, as stated in the contract. It was understood that defendant at some future time was to become treasurer of the company, to succeed Edward E. Ornstein, one of the assignors.

In addition to making the payment by defendant and entering into the contract, defendant gave to Ornstein the following undertaking:

"Whereas, Edward E. Ornstein and Charles H. Stevenson, have entered into an agreement, dated May 2, 1925, to purchase among other things one hundred and twenty-five (125) shares in the Pleasant Lake Land Company and Charles H. Stevenson has already paid thereon the sum of twenty-seven thousand five hundred ($27,500) dollars: now it is agreed and understood that on the day that Charles H. Stevenson is elected as treasurer of said company a further payment of twenty-five hundred ($2,500) dollars will be made. This twenty-five hundred dollar payment being a part of the further consideration set forth in said agreement, and to be so entered in said agreement.

"Dated: May 2, 1925.

(Signed)    "CHARLES H. STEVENSON,
(Signed)    "EDWARD E. ORNSTEIN."

This latter undertaking is the subject of the litigation in the present case and is referred to both in the record and in this opinion as Exhibit A.

Plaintiff's assignor assigned Exhibit A to plaintiff for an adequate consideration, and plaintiff brought suit against defendant to recover on the obligation as therein set forth. He claims the sum of $2,500 and interest.

There is no question but that plaintiff is the owner of Exhibit A and entitled to such amount as is or may become due thereon. He acted in the best of faith in obtaining Exhibit A. He gave a full and valuable consideration for it. He, however, acquired no greater rights before or after becoming the owner of Exhibit A than his assignor had, and defendant did nothing that would estop him from denying liability on Exhibit A. Exhibit A lacks the

essentials of a negotiable instrument; it is not certain as to the time of payment. In the event that defendant were never elected treasurer of the Pleasant Lake Land Company, there would be no time specified for the payment of Exhibit A, although the amount thereof might become due under the main agreement. Exhibit A cannot be considered an independent promise to pay. It was dependent upon the main agreement, for it distinctly states: ''This $2,500 payment being a part of the further consideration set forth in said agreement, and to be so entered in said agreement.'' This last sentence in Exhibit A plainly shows that it was a dependent agreement, and it is obvious that if the additional sum of $2,500 would not become due under the terms of the main agreement, there was a failure of consideration to the extent of this amount. The rule, which was quoted with approval in the case of *Folkerts* v. *Marysville Land Co.*, 236 Mich. 294, 297, is as follows:

''Courts will not and ought not to construe covenants and agreements as independent, and still enforce performance by the other party, unless there is no other mode of construing the instrument, and unless it clearly appears to have been the deliberate intention of the parties at the time the instrument was executed. In brief, the courts will construe covenants to be dependent, unless a contrary intention clearly appears. A party should not be forced to pay out his money, unless he can get that for which he stipulated.''

Eighteen months elapsed before defendant was elected treasurer of the Pleasant Lake Land Company. Shortly thereafter the equivalent of a dissolution of said company and a distribution of the assets was agreed upon. At the time of the hearing

of this case in the lower court, almost three and a half years had elapsed since the date of the agreement. This ordinarily would have been a sufficient time in which to determine just what should be due from defendant under the main agreement.

An accounting took place during the trial of the case, and it was found that the total amount which would become due defendant from the Pleasant Lake Land Company was $22,472.07. It was further claimed that after the accounting it was discovered that a number of contracts had been assigned by the Pleasant Lake Land Company in payment of a mortgage, so that the amount would be reduced by $1,300, and thus brought down to $21,172.07. This amount, however, might be increased through an accounting of the partnerships, but there is no proof of how much, if anything, might become due from said partnerships.

Since entering into the main agreement a chancery suit has been begun by plaintiff's assignor, against Mrs. Williams, in reference to the partnerships. The chancery file in this case has been made an exhibit in the present case. The interlocutory decree, which is part of the chancery file exhibit, shows that plaintiff's assignor has misappropriated to himself moneys belonging to the partnership and by his own act has materially diminished the amount, if there is any, that will become due from said partnerships. He has destroyed part of the consideration under the main agreement. It is impossible at this time, without the accounting in this chancery suit, to determine whether any amounts will be realized from said partnerships, in accordance with the main agreement.

The record shows that unless moneys are found due in such partnership accounting, the $27,500 already paid by defendant is $6,327.93 in excess of the

consideration that he was to receive on the liquidation of the Pleasant Lake Land Company. Plaintiff stated on the trial of this cause in regard to the two small partnerships that, "the accounting of the partnership *may* show additional moneys due." Such additional moneys would have to be in an amount in excess of $6,327.93 before any amount would become due plaintiff. Sufficient time has elapsed since entering into the main agreement so as to make it very uncertain whether there will be any such additional amounts due. The chancery suit which will definitely determine what, if any, additional amounts will become due, is now pending and should very shortly be decided. This court cannot determine what the outcome of that suit will be. The record justifies a finding that there was a failure of consideration for the $2,500 sued for, or such a threatened failure so as to make it doubtful whether there is any consideration for the $2,500 sued for. The lower court so held, and rendered a verdict of no cause of action in favor of defendant. The opinion filed reserved to plaintiff the right to begin suit again in the event that the accounting in the partnership suit should determine that any money over and above the $27,500 would become due.

A mere threatened failure of consideration will not ordinarily be a good defense in a suit at law, and the courts should be very slow in recognizing such a defense. However, where the facts, as in the present case, indicate that plaintiff's assignor, by his own act, diminished the consideration defendant was to receive, and the defendant has sustained the burden of showing a real failure of consideration, with only a mere possibility, dependent upon the outcome of the pending accounting suit, that such failure may not happen, the court was fully justified in its conclusions.

Should the plaintiff at any time, now or hereafter, believe that a sufficient sum will become due through said accounting suit so that he can recover on Exhibit A, he can amply protect himself. If he cares to retain any benefits arising through the present suit, he may, at his option, at any time within 60 days from the time this opinion is filed, on motion, have an order entered setting aside the judgment of no cause of action and transferring this suit to the equity side of the court under 3 Comp. Laws 1915, § 12351, as a suit for an accounting, he to file a proper bill of complaint therein; the said suit may be held in abeyance until the final determination of an accounting in the partnership suit. Unless he avails himself of this right within said time, the judgment shall stand.

With this modification, the judgment of the lower court is affirmed, with costs to defendant.

North, C. J., and Fead, Wiest, Clark McDonald, Potter, and Sharpe, JJ., concurred.