## No. 16,181.

### NEWTON *v.* CANTY ET AL.
(203 P. [2d] 910)

Decided February 21, 1949.  Rehearing denied March 21, 1949.

Mr. RICHARD H. DUKE, for plaintiff in error.

Mr. HORATIO S. RAMSEY, for defendants in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THE parties appear here in reverse order of their positions in the trial court, and we will refer to them as they were there designated.

Under date of July 9, 1947, the parties entered into an agreement for sale and purchase of a tract of several acres and two houses in Arapahoe County—executed on a printed form in common use—for a total consideration of $4,250. Defendant-purchaser made the two lump sum payments for which provision was made in the agreement, totaling $750, and also made three ensuing monthly payments of $65 each, due respectively August, September and October 15, 1947, out of which monthly payments all accrued interest was first to be paid and the remainder was to be credited on principal. Thereafter defendant refused to make the November and December 1947 and subsequent monthly payments, on the ground that plaintiffs had failed to live up to one of their undertakings under the contract relating to the completion of a well. This provision, typed in the printed agreement, appears as follows: "(First parties agree to finish well now being dug on said premises, to case same and to install a hand pump, on or before July 14, 1947.)"

Defendant, in elaboration of her position, indicated that the property was useless to her without a water supply of quality and quantity sufficient for her family, consisting of her husband, herself and their five children. At the time of the signing of the agreement, the well in question had been dug to a depth of several feet. Defendant's testimony indicated that by reason of the failure of plaintiffs to complete the well and make it a serviceable one for household uses, it became necessary for her to employ a driller who, at a distance of four feet from the place where plaintiffs had started the dug well, drilled a well to a depth of 152 feet to the first artesian water at a cost to defendant of $429.60.

The evidence shows that defendant instituted suit against plaintiffs for the cost of this artesian well; then later abandoned the suit and refused to make further payments under the sale and purchase agreement on the theory that plaintiffs owed her for the cost of drilling the well. Plaintiffs, after defendant had failed to make the November and December 1947 monthly payments, thereupon, on December 29, 1947, first gave notice of cancellation of the contract and on January 30, 1948, served notice to vacate, and then March 4, 1948, brought suit for restitution. After a trial without a jury on June 15, 1948, the court made a finding that there was due the sum of $3,578.56 under the contract (plus interest on $3,441.40 from June 15, 1948 to the date of payment). This amount due also included an item of $70.25 for an insurance premium and one of $13.01 for one-half taxes for the year 1947.

The court further adjudged that the payment by defendant of the sum of $945 upon said agreement and the cost of drilling a well upon said premises, $429.60, gave the defendant an equitable interest in the property, and thereby provided for a foreclosure in equity of her interest and allowed an equity of redemption for a period of six months from June 15, 1948. Accordingly, the trial court ordered the agreement terminated and

cancelled and plaintiffs to deliver to the clerk of the court their warranty deed, conveying to defendant the above described property, together with proper abstract—said documents to be delivered to defendant if the latter paid into court on or before December 15, 1948, the principal sum above mentioned together with interest and other items due under an ordinary redemption. The court further decreed that defendant should retain the right of occupancy during the six months period of redemption.

The court further found that:

"The provision in the agreement that first parties (plaintiffs) agree to finish well now being dug on said premises, to case same and to install a hand pump, on or before July 14, 1947, is an independent covenant, that plaintiffs have not completed the well in accordance with said contract and in accordance with the understanding of the parties, but that such breach cannot be set up as an equitable defense to plaintiffs' cause of action.

"That the cost of drilling a well upon said premises is not the measure of damages for the violation of the provisions of the agreement to complete the well then being dug, and that defendant has failed to offer any proof by which the Court can compensate her in damages for the failure of the plaintiffs to complete the well, and that defendant's counter-claim should be dismissed."

The court order further provided that in the event redemption was not made by defendant by December 15, 1948, plaintiffs should be entitled to a decree of restitution and a further decree quieting title in them.

May 15, 1948, about the time of the trial, defendant deposited in court $455.00, being seven monthly payments of $65 each, to be applied as such if plaintiffs would dismiss their complaint, and reinstate the contract without interest from the time of default. The court in its decree provided that this amount could be used as

part payment toward the amount of redemption and pro tanto stop interest on the amount necessary to redeem. From the briefs that have been filed since December 15, 1948, we are informed that defendant did not redeem within the six-months period, nor has she withdrawn the sum of $455 so deposited, but in accordance with court order she has allowed it to remain in court in lieu of bond as security for any damages plaintiffs may sustain by reason of a sixty-day stay of execution beginning December 15, 1948.

The court found the issues in favor of plaintiffs and against defendant, and also found in favor of plaintiffs and against defendant on the latter's counterclaim for damages incurred by reason of having to drill an artesian well.

Defendant, appearing here by writ of error, has filed the following specification of points: "1. The Court erred in striking the eighth paragraph of the third defense from the Answer. 2. The Court erred, on the evidence and the law, in holding that the provision as to the well was an independent covenant and that performance thereof was not a condition precedent to bringing an action on the contract. 3. The Court erred, on the evidence and the law, in holding that the cost of drilling a well was not the measure of damages and that Defendant has failed to offer any proof of damages. 4. The decree of the Court, on the evidence, is unduly harsh and oppressive." These specifications we discuss in the order set forth above:

1. In the eighth paragraph of the third defense, which was stricken by the court at pretrial conference, defendant set up the fact that she had previously commenced an action for damages for breach of the covenant to complete a well and her inability to obtain service on plaintiffs by reason of their then nonresidence, and her subsequent dismissal of that action. We are not inclined to believe that the striking of this paragraph was prejudicial to defendant, inasmuch as the

complaint in the prior case, which was dismissed, apparently was based on the same grounds as those alleged in defendant's counterclaim in the instant case. We do not believe that *Clark v. Cleghorn,* 6 Ga. 220, cited by counsel for defendant, is controlling in this case. That was an action against a nonresident who had no property in the state.

2. We are of the opinion that the trial court did not err in holding that the provision for the digging of the well was an independent covenant and that performance thereof was not a condition precedent to bringing an action on the contract. The provision in regard to the well is not tied to any other clause in the contract, and defendant's covenant to make the payments is not related or referred to in connection with the covenant to dig the well. There is no provision that, if the well were not finished, the vendee could retain possession and refuse to pay. In *Folkerts v. Marysville Land Co.,* 236 Mich. 294, 210 N.W. 231, the vendee, having paid the full amount due, sought rescission of the contract and asked for the return of the purchase price because of vendor's failure to improve. In the instant case, defendant did not seek rescission, but remained in possession enjoying the benefits of occupancy. Nor do we believe that *Williams v. Hodges,* 41 Mich. 695, 3 N.W. 189, is in point, for there it was stipulated that the performance by each of the contracting parties was concurrent and the house which was the subject matter of the contract was not completed and ready for use. The case of *Williams v. Ryan,* 55 Cal. App. (2d) 189, 130 P. (2d) 467, might at first glance appear to be in point because of the fact that the court in that case found that a covenant to make a water tap was concurrent, but the court pointed out that the vendee must tender the full purchase price; that if palatable water was not available she was entitled to rescind; but if she desired to rescind she could not keep possession. In that case it was held that the vendee would have to elect

between rescinding for the alleged breach, or tender the full sum due. We held in *Allison v. Schuber*, 74 Colo. 545, 223 Pac. 53, that a breach by the vendor was the failure to tender an abstract, and accordingly the vendee could rescind and sue for the return of the deposit. *Cameron v. Edgemont Inv. Co.*, 149 Ore. 396, 41 P. (2d) 249, was likewise a case of rescission where the vendee, not being in possession, sued for the amount paid. We have recently said, in *Wark v. Bopp*, 119 Colo. 12, 199 P. (2d) 892, 894:

"It is a general rule of law which is firmly established in this jurisdiction.that: 'If a party, having the right to rescind a contract, does any act which amounts to an admission of the existence of the contract, he cannot afterwards elect to treat it as void.

\* \* \*

" 'It is also an equally well settled rule of law that when a party, by reason of fraud or failure of the other party to perform, has the right of rescission, he must exercise it at once, as soon as the fraud comes to his knowledge or the default occurs.' *Auld v. Travis*, 5 Colo. App. 535, 39 Pac. 357."

In *Cheney v. Bierkamp, et al.*, 58 Colo. 319, 145 Pac. 691, under a land sale contract for $2500, where there apparently had been a breach by the seller of a covenant to place all the land under irrigation, which would have required him to go to the expense of about one hundred dollars, we held the covenant to improve the land by placing water on it was an independent covenant.

3. We are of the opinion that the trial court did not err in holding that the cost of drilling an artesian well was not the measure of damages, and that defendant had failed to offer any proof of damages. Plaintiffs' testimony was that they continued work on the well until it was down twenty-two feet and into the rock, and that in the process of digging they had blasted and used an electric chip gun. The well was cased at the top with concrete and down to two feet over the top, and

a hand pump on a platform had been installed. One of the plaintiffs pumped between thirty-five and forty gallons of water on July 14, 1947. This water was apparently roily. Plaintiffs introduced testimony showing that there were eleven other dug wells in the vicinity of comparable depth and in satisfactory operation. The defendant testified that she did not examine the well; that she did not use the well; that she had never measured the water in it either with a bucket or tape measure; that she did not consider the water safe, but had never had it tested; and did not know how much water was in the well at the time of the trial. Counsel for plaintiffs admit that it was the intention of both parties to the contract that the dug well would supply the domestic requirements of the place involved in the contract. There was evidence that neighbors used some of the water from this dug well on their gardens. There appears to be no evidence indicating whether the water in the dug well, if it had continued to be used, would have cleared in the course of time, as defendant immediately hired the driller to drill a well to the first artesian water. The drilling of a well to this depth was not contemplated in the contract, nor was there any warranty concerning the water in the dug well that plaintiffs had agreed to complete. Defendant's testimony consisted of showing the cost of the drilled well. Clearly the cost of this drilled well is not the measure of damages for any failure to finish a dug well. There appears to be no evidence in the record as to the cost of finishing a dug well. In *Kilpatrick v. Inman*, 46 Colo. 514, 105 Pac. 1080, 26 L.R.A. (N.S.) 188, we set aside a judgment by which the court allowed a livery stable keeper the full contract price for the hiring of a rig where the trip involved in the contract was never made. That case is cited in 15 American Jurisprudence, section 43, page 443, to support the general rule that the vendee is not entitled to be placed in a better position than that in which he would have been had the contract not been

broken. 15 American Jurisprudence, section 46, page 446, contains the statement that, "In case of defective performance, the measure of damages is generally the reasonable cost of making the work performed or the article furnished conform to the contract." On that point the evidence was lacking in the instant case.

█ 4. We are of the opinion that the decree is not unduly harsh and oppressive. The trial court refused to allow plaintiffs immediate possession as provided under the terms of the printed contract and gave defendant a six-months period of redemption, and occupancy during that period. Counsel for defendant argues that the court should have allowed his client to reinstate the contract by paying the overdue installments. By such an order the court would have entirely disregarded the terms of the contract.

Plaintiffs filed two cross specifications of points:

█ 1. That the court erred in finding that defendants in error had not completed the well in accordance with the contract. As already noted, plaintiffs introduced evidence tending to show that they had completed the well in accordance with the contract. The defendant took the opposite position and, inasmuch as counsel for plaintiffs admitted that it was the contemplation of the parties that the completion of the well would afford domestic water for defendant and admitted that the well had not supplied the domestic needs of defendant, there is some justification for the court's finding that plaintiffs had not completed the well in accordance with the contract. In any event, we do not believe that plaintiffs have suffered prejudicial error from this finding in view of the fact that the trial court resolved the issues generally in their favor.

█ 2. In the second cross specification it is alleged that the court erred in finding that defendant had an equity of redemption, and decreeing that she might have six months to pay the balance due under the contract or to deliver possession of the property. We believe the

court was justified in making such a ruling, it not appearing from the findings of the court that the contract contained a valid forfeiture clause and that time of payment was considered essential from the dealings between the parties. Under these circumstances, there is no showing of error on the part of the trial court in allowing a period of redemption.

The judgment is accordingly affirmed.

MR. JUSTICE HAYS dissents.