GAWRON *v.* ROBERT DEVELOPMENT CORPORATION.

SAME *v.* LEE LAND CORPORATION.

1. VENDOR AND PURCHASER—COVENANTS—MERGER IN DEEDS—FULL PERFORMANCE.

Covenants by land contract vendors to pay all taxes and assessments which were a lien on the land at the dates of the land contracts, to install sewers to comply with a Federal agency's offsite land requirements which included the closing of an open drain and, upon payment of balance of contracts, to deliver warranty deeds free and clear from all liens and encumbrances accruing prior to the dates of the land contracts were not merged with the deed covenants when the warranty deeds were executed and delivered, the deeds not being in full performance of the agreements between the parties.

2. SAME—ASSESSMENT FOR DRAINS—DELIVERY OF DEEDS—REASSESSMENT.

An assessment for a drain improvement, which constituted a lien prior to the time of the execution of land contracts contemplating the purchase and sale of lots with the improvements made and assessments and liens thereon paid in full, subjected the vendors to removal of the lien regardless of amount and, even though after delivery of deeds pursuant to the land contracts, the original assessment was set aside and there was a reassessment with an additional amount imposed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  14 Am Jur, Covenants, Conditions and Restrictions § 5.
[2]  55 Am Jur, Vendor and Purchaser § 227.

Appeal from Wayne; Hadsell (Philip A.), J., presiding. Submitted January 5, 1961. (Docket Nos. 1, 2, Calendar Nos. 48,607, 48,608.) Decided March 1, 1961.

Consolidated actions by Casimir C. Gawron against Robert Development Corporation and Lee Land Corporation, Michigan corporations, to recover sums paid on special drain assessment made prior to execution of land contracts and respread after deeds of conveyance. Judgments for plaintiff. Defendants appeal. Affirmed.

*Robert R. Lewiston,* for plaintiff.

*J. Leonard Hyman* (*Carl Levin,* of counsel), for defendants.

KAVANAGH, J. Appellants are land developers. They contracted to sell several lots to plaintiff, who is a builder. These contracts were entered into on August 17, 1955, and January 24, 1956. The contracts contained a provision that the sellers shall install at their own cost and expense water, sewer, and paving, all to be finished within 6 months from the date of the contracts. The contracts further contained a provision that the sellers represent that the said land complies with all offsite land requirements of the Federal housing administration. One of the Federal housing administration's requirements was the closing of the open drain through the subdivision. This drain, which constituted part of the Red Run drain, had the subdivision sewers connected to it. The contracts contained a further provision that the sellers agreed to convey the land free from any liens attaching prior to the date of the land contracts. The special assessment for the

improvement of the Red Run drain was levied on January 14, 1955.

On January 17, 1957, plaintiff made payment of the balance of the purchase price and was given warranty deeds containing a clause that the grantors would not be liable for any liens attaching to the premises subsequent to the dates of the contracts.

After the dates the contracts were entered into, the proceedings and assessments of Red Run drain by the county drain commissioner were challenged in the circuit court for the county of Wayne. The circuit judge by decree sustained the proceedings and improvements and validated them, except he decreed no proper notice had been given the property owners liable for the assessment. He ordered the Wayne county drain commissioner to forthwith respread the levy in accordance with the statute. A reassessment was made July 23, 1957, which increased the cost of the benefits to the lands here involved. The new assessment was paid by the plaintiff-builder and suits were instituted against the sellers to recover the amount of the new assessment.

The defendants admitted liability for the amount of the original assessment, but denied liability for the additional amount created by the second assessment on the theory that the lien and assessment having been voided by the Wayne county circuit court, the provisions in the contracts and deeds had been fulfilled by the delivery of a marketable title free and clear of all liens which attached to the premises prior to the dates of the contracts and deeds. Defendants contend that the respread assessment constituted a lien affecting the property as of July 23, 1957. The trial court held the whole reassessment reverted to the date of the original assessment. He held the full amount of the assessment constituted a lien on the land at the dates of

the land contracts and rendered a judgment against
the defendants for the full amount of the reassess-
ment. Defendants appeal contending they should
be liable only for the amount of the original assess-
ment which was a lien on the lands at the dates of
the land contracts.

Two questions are raised:

(1) Are obligations of the vendor in a land con-
tract, not performed by the vendor at the time of
the delivery of the deed, merged therein and ex-
tinguished by the deed?

(2) When a public improvement has been properly
processed and installed and the lien thereon exists
at the time of conveyance, said conveyance contain-
ing a covenant against encumbrances and liens, if
by court decree the amount of the original assess-
ment is set aside and a larger assessment is imposed,
is the vendor liable for the payment of such larger
assessment?

The contracts executed between plaintiff and de-
fendants created the obligation on the part of the
sellers to pay all taxes and assessments which were
a lien on the land at the dates of the land contracts.
They further created the obligation specifically re-
quiring the sellers to install sewers and to comply
with Federal housing administration's offsite land
requirements. The closing of the open drain was
such a requirement. An additional obligation as-
sumed was that, upon the payment by the purchaser
of the balance of the contracts, the sellers were ob-
ligated to deliver warranty deeds free and clear
from all liens and encumbrances accruing prior to
the dates of the land contracts. The subsequent con-
veyances by warranty deeds failed to satisfy all of
the above covenants. Plaintiff bases his causes of
action upon the covenants not performed.

We are of the opinion these covenants were not
merged with the deed covenants when the warranty

deeds were executed and delivered. The deeds were not in full performance of the agreements between the parties. *Allen* v. *Currier Lumber Co.,* 337 Mich 696; *Folkerts* v. *Marysville Land Co.,* 236 Mich 294.

The assessment for the Red Run drain improvement was made and constituted a lien prior to the time of the execution of the land contracts. This lien has not been removed. The circuit court held the assessment valid and only the method of arriving at the amount void. It directed a new spread of the costs to be made. In the cases relied upon by appellants, not only the amount of the assessment and lien were changed but the entire lien and assessment were voided. Those cases do not apply to the facts in the instant case.

The covenant made by the sellers was to remove the liens regardless of the amount. The contracting parties had in mind that what was purchased and sold were lots with the improvements made and the assessments and liens thereon paid in full. This reasoning is supported by the court in *White* v. *Stretch,* 22 NJ Eq 76, where the court said (p 80):

"But the assessment was merely the mode of ascertaining the share of the cost of the sewer to be paid by these lots; they were liable to pay for the cost of the sewer from the time the proceedings were completed by the confirmation of the first assessment. That liability was the real encumbrance. It existed at the date of the deed, and it was never for a moment removed; the same judgment that set aside the assessment, affirmed the proceedings which created the encumbrance, and affirmed the continuance of that encumbrance by appointing commissioners to ascertain the proportion which each lot should pay. If, then, the cost of this sewer was an encumbrance on these lots at the date of the deed, and that encumbrance has never been removed, but the only change has been that the assessment of the amount, which is the share of these lots, has been

changed, the conclusion is inevitable, that White is liable to relieve the premises from it, and Stretch is entitled to have the amount of it deducted from his mortgage."

The judgment of the trial court is affirmed, with costs in favor of the plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.