WATTS et al. v. BRITISH & AM. MORTG. CO. OF LONDON, Limited.

(Circuit Court of Appeals, Fifth Circuit. February 27, 1894.)

No. 158.

1. MORTGAGE—RESCISSION—AFFIRMANCE BY CONDUCT.

A mortgage company filed a bill to rescind a mortgage, and secure a return of the money loaned, on the ground of fraud. Afterwards, it advertised the premises for sale under the deed of trust. It did not, how-

ever, attempt to make the sale, but pressed its suit for rescission with due speed. *Held*, that the act of advertising should not be considered an affirmance of the mortgage.

2. SAME—CONSPIRACY TO DEFRAUD—LIABILITY OF CONFEDERATES.

A number of persons, each doing his part, acted together in procuring a loan from a mortgage company upon the security of land which was greatly overvalued. *Held*, that the mortgagor was entitled to a resci s'on of the mortgage, and a decree against all the parties for return of the money loaned, regardless of what disposition had been made of it, or which of the defendants had executed the papers.

Appeal from the Circuit Court of the United States for the Northern District of Mississippi.

This was a bill in equity filed by the British & American Mortgage Company of London, Limited, against Ben M. Pettis, W. C. Pettis, Charles L. Watts, and A. C. Johnson, to rescind a mortgage and procure a decree for the return of the money loaned. There was a decree for complainant in the court below, and the defendants appeal.

H. A. Barr, J. W. T. Falkner, and Chas. B. Howry, for appellants.
W. V. Sullivan, for appellees.

Before PARDEE and McCORMICK, Circuit Judges.

McCORMICK, Circuit Judge. On 27th December, 1889, C. L. Watts, one of the appellants, applied to an agent of the appellee for a farm loan on 820 acres of land in La Fayette county, Miss. This application was made on one of the regular forms used by appellee. The answers to the numerous questions in this form were all written in by W. C. Pettis, one of the appellants. On the 16th January, 1890, the land was conveyed to C. L. Watts by Ben M. Pettis, described as containing 826 acres, more or less. This deed recited, "In consideration of eighteen thousand two hundred and sixty dollars, I here convey and warrant C. L. Watts the following described lands," etc., "to wit." A. C. Johnson, one of the appellants, inspected the land, and reported it to be of the value of $13,740, without the improvements, and to have on it a residence house, six tenant houses, and a gin house, with machinery, all of the aggregate value of $2,250. Shattuck & Hoffman were the agents, at New Orleans, of the appellee. They seem to have corresponded with W. A. Roane, Esq., of Oxford, Miss., and to have received from him abstracts of title to land in La Fayette county on which they made loans. Mr. Shattuck testifies that A. C. Johnson never was in the company's (appellee's) employ, and W. A. Roane never was the company's attorney; that the company have no employes or attorneys or brokers in the country. Unless the inspection and report of A. C. Johnson was made for the company, it had none made by any one before it made the loan of $4,500 on this land. On January 25, 1890, C. L. Watts drew on Shattuck & Hoffman in favor of Benjamin M. Pettis, for the full amount of the loan. This draft was accepted 30th January, 1890, payable at the Louisiana National Bank. It is indorsed: "Benj. M. Pettis. W. C. Pettis. For collection, for acct. of Bank of Oxford, Oxford, Miss. Ben Price, Cashier."

Benj. M. Pettis and W. C. Pettis are brothers. At the time of ob-

taining this loan they lived in the same house on a plantation a few miles from a farm on which C. L. Watts resided.    The loan was completed January 30, 1890.    In March, 1890, one H. C. Williamson examined the land and improvements, and reported to appellee's agents at New Orleans that the land and improvements had been grossly overvalued in Watts' application and in Johnson's report, and that the real consideration for B. M. Pettis' conveyance to Watts was $3,500 of the money loaned by the appellee to Watts on the land. After efforts to obtain a rescission of the contract and the return of the money had failed, the appellee exhibited its bill, setting up the facts, and praying for relief on the ground of the fraud charged to have been perpetrated on it by the appellants.    The utter want of care indulged by appellee in accepting the security mentioned should not escape notice, and, if it should result in a partial loss of the money loaned, retributive justice would hardly be more than satisfied.

After filing its bill the appellee advertised the mortgaged premises for sale under the deed of trust.    The appellants insist that this was an affirmance after full knowledge of the facts.    They support this contention by a reference to Grymes v. Sanders, 93 U. S. 55; McLean v. Clapp, 141 U. S. 429, 12 Sup. Ct. 29.    It is sound doctrine that a party who desires to rescind a contract on the ground of subsequently discovered fraud must announce his purpose as soon as such discovery is fully made, and must adhere to it.    He will not be permitted to vacillate, and play fast and loose.    In this case the appellee did announce its purpose, endeavored to obtain a rescission and the return of the money without resort to a court of equity, and, failing in that, duly exhibited its bill, and has sped the cause. The sale was not attempted to be made.    No other indication of a vacillating purpose is shown.    Grant that this act is not adequately explained.    Is it, under the circumstances, to be taken as a conclusive abandonment of appellee's bill, and an affirmance of the contract which by the bill the appellee seeks to have canceled?    In our view the adjudged cases and sound reason do not go to that extent.

Appellants contend that no injury is shown to have resulted to the appellee by the alleged fraud; that the security was and is adequate and ample.    To our view the proof does not sustain this contention.    The most that can be claimed for the evidence on the subject of value is that the land is worth from eight to ten dollars an acre.    No market value is shown.    It appears that few sales of land in that neighborhood have been made since the loan was effected.    The appellee, in making loans on farms, was not willing to take such security at more than one-third of its estimated value. It is matter of such common knowledge as not to require evidence that there is generally a great difference between landowners' estimates of the value of farm lands in their neighborhood, and the price the lands would bring at public sale.    The preponderance of the evidence indicates that had the land been put up at public sale at the time Watts' application for the loan was made, or at any time since then, it would not have brought in cash as much money as

Watts borrowed on it. It is not extravagant to doubt if the appellee could, at any time since it made the loan, have realized one-third of the principal and interest, and the reasonable cost of a foreclosure, by a public sale, without reserve, of the mortgaged premises.

It is insisted that the conspiracy charged is not proved; that it is abundantly disproved. The complainant, in its bill, did not waive an answer under oath. The respondents, answering separately, each denies that he was a party to a conspiracy, as charged, and denies that any such conspiracy existed. It is, perhaps, a matter of definition. These are said to be good people. We do not deem it necessary to review the evidence. Our point of view may be so different from that of the appellants that any summary of the proof we could make would appear to them to be harsh. We therefore only say the evidence satisfies us that the appellee should have the relief it seeks. It appears to us that all of the appellants, each doing his own part, acted together in procuring this loan; that the part each acted contributed materially to effect the common purpose. It is immaterial what disposition was made of the money, or who of them executed the writings sought to be canceled. Equity is not so restrained that it cannot do full justice in such a case as this.

The decree appealed from is affirmed.