APRIL TERM, 1924.

No. 10,580.

DONOVAN v. NATIONAL GLASS CASKET CO.

Decided April 7, 1924.     Rehearing Denied May 5, 1924.

Action to rescind contract for the purchase of corporate stock. Judgment for defendant.

*Affirmed.*

1. FRAUD—*False Representations—Remedies.* One who is induced to enter into a contract by false representations, has at least two remedies: First, to rescind the contract; second to sue for damages on account of the deceit, but he cannot have both, and is bound by his election.

2. PLEADING—*Contract—False Representations.* In an action for fraud based upon false representations, allegations of the complaint held to conclusively show that plaintiff elected to rescind the contract.

3. LIMITATION OF ACTIONS—*Fraud—False Representations.* Action to rescind contract for the purchase of corporate stock procured by false representations, held barred by section 6403, C. L. '21, where all the · actionable misrepresentations were known to plaintiff more than three years prior to the commencement of his action.

*Error to the District Court of Yuma County, Hon. H. E. Munson, Judge.*

Mr. JOHN G. ABBOTT, Messrs. QUAINTANCE & QUAINTANCE, for plaintiff in error.

Mr. PHILIP HORNBEIN, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFF in error brought this action to rescind a contract for the purchase of two hundred shares of the capital stock of the defendant corporation, and to recover the partial payments made thereon, for the reason, as he alleges, that he was deceived by the false representations made by it in selling the stock to him. Upon the trial, at the conclusion of the plaintiff's evidence, the court dismissed the action, and the plaintiff brings error.

The stock in question was purchased by the plaintiff in February, 1918, and the action to rescind was commenced April 28, 1921. The complaint alleges that "upon the discovery by the plaintiff of the falsity of said statements and representations, the plaintiff immediately elected to rescind his agreement of purchase, and notified the defendant thereof, and tendered back to the Company the issued stock, which demand and tender was refused." This averment of the complaint was put in issue by the answer, and the answer affirmatively alleged the bar of the statute of limitations concerning bills for relief on the ground of fraud. Section 6403, C. L. 1921.

When the plaintiff discovered the falsity of the representations, "at least two remedies were open to him: First, to rescind the contract; second, to sue for damages on account of the deceit. These remedies are inconsistent, not concurrent. Both were not open to plaintiff," and when once he made his election he was bound thereby, and could not thereafter pursue the other remedy. *Cole v. Smith*, 26 Colo. 506, 510, 58 Pac. 1086. The allegations of the complaint conclusively show that the plaintiff elected to rescind. The court found, and the evidence is sufficient to support the finding, that "all of the misrepresentations made by the defendant to the plaintiff which are actionable under the law were known to be false by the plaintiff for more than three years prior to the commencement of this action."

This conclusion makes it unnecessary for us to pass upon the other assignments of error.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.