No. 15,139.

GIBRALTAR COLORADO LIFE COMPANY *v.* BRINK.
(157 P. [2d] 134)

Decided January 22, 1945. Rehearing denied March 26, 1945.

Mr. R. Hickman Walker, for plaintiff in error.

Mr. A. X. Erickson, Mr. Don B. Oliver, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as the company and Brink, respectively.

Brink brought this action against the company for damages for fraud and deceit in the sale to him of stocks and bonds and violation of contracts, demanding a total of $46,900. On verdicts in his favor totaling a little over $11,000 he had judgment. To review that judgment the company prosecutes this writ, specifying forty-five alleged errors which counsel argue under eight headings. Of these we limit our attention to one which appears so indisputable as to require reversal. There is no reason to believe that any others which may be well taken will again arise.

Originally the complaint herein contained five causes of action. The third and fifth were dismissed by Brink with the approval of the company. They require no further notice.

The first cause of action is for damages for fraud in the sale by the company to Brink of five so-called endowment bonds. The second cause of action is for damages for fraud in the sale by the company to Brink of two shares of its capital stock. The fourth cause of action is for damages for the company's failure to keep its contract in re five "ten year endowment contracts without insurance benefits" wherein the company agreed to pay the holder, ten years after date (February

15, 1927) $1,000 on each, and which contracts Brink had purchased from one Juhl, to all of whose rights he had succeeded.

At the close of all the testimony Brink moved to amend each of said causes of action "to conform to the evidence" by alleging recision and offer to return to the company whatever he had received. This motion was granted over the company's objection. Thus an action affirming alleged fraudulent contracts and demanding damages therefor was, at the close of the trial, converted by amendment into an action for recision for fraud and damages for the resulting injury. No proposition of law is better settled in Colorado than that a plaintiff may not thus play fast and loose with his right of election.

■ When one is injured, as Brink claims to have been, two remedies are open to him, first to rescind and recover damages, second to affirm and recover for the resulting injury. These remedies are inconsistent. A plaintiff having elected and sued is bound, certainly after the close of the trial. If he elects to rescind it must be in toto and the same if he elects to affirm. *Cole v. Smith,* 26 Colo. 506, 58 Pac. 1086; *Brown v. Gordon-Tiger Co.,* 44 Colo. 311, 97 Pac. 1042; *Donovan v. Natl. Glass Casket Co.,* 75 Colo. 262, 226 Pac. 295; *Grymes v. Sanders,* 93 U.S. 55, 23 L. Ed. 798.

■ In answer to this Brink relies upon the general rule that amendments to conform to the evidence are liberally allowed in the interests of justice; and particularly upon Rule 15 (b) and (c). Neither apply to the situation here. A plaintiff is bound to know at the beginning of his case whether he has rescinded or affirmed, and he certainly knows whether he has made a tender of benefits received. To permit one character of action involving one measure of damages to be pleaded and tried and another character of action involving a

different measure of damages substituted at the close of the trial would of necessity be to work injustice instead of justice.

The judgment is accordingly reversed.

MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD concur.