No. 15,944.

WARK *v.* BOPP.
(199 P. [2d] 892)

Decided November 1, 1948.

Mr. JOHN M. BOYLE, Mr. CHARLES F. MORRIS, for plaintiff in error.

Mr. WILLIAM S. RUSH, Mr. JOHN STUMP WITCHER, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

CLIFF H. WARK, plaintiff in error, plaintiff below, brought an action against James B. Bopp, defendant in error, defendant below, to secure a judgment requiring the latter to accept a reconveyance of certain premises; cancel and surrender plaintiff's notes secured by deed of trust; for actual damages in the sum of $1,700; exemplary damages in the sum of $2,500, and for $4,500 paid by plaintiff upon the purchase price of certain farm lands. Bopp, by way of counterclaim, sought a foreclosure of his deed of trust. Upon trial to the court, plaintiff's complaint was dismissed and judgment of foreclosure entered for defendant on his counterclaim, to review which, plaintiff brings the case here by writ of error.

The circumstances giving rise to plaintiff's cause of action grew out of the sale by defendant, and the purchase by plaintiff, of certain farm or ranch property in Chaffee county, in which sale plaintiff alleges false and fraudulent representations by defendant respecting: The productivity of the soil; the crops that could be matured thereon; sufficiency of irrigation water; title to the premises; and other representations not necessary to enumerate herein. A contract was executed by the parties in January, 1945, and the sale was consummated and possesssion delivered to defendant in April, 1945. On August 30, 1945, plaintiff, according to his testimony, discovered the falsity of the representations, and thereupon proposed to defendant that the latter return to him the $4,500 which he had paid upon the purchase price of the farm land and return the notes for $4,000 secured by deed of trust. Thereafter and, so far as the record discloses, until the determination of this case in the district court on March 5, 1947, plaintiff continued in possession of the farm or ranch property, cultivated the same, and harvested the crops thereon. According to plaintiff's testimony, after the discovery of the al-

14

leged falsity of defendant's representations in August, 1945, and prior to the institution of this action, he endeavored to secure a loan upon the farm or ranch property from the Federal Land. Bank, which loan, plaintiff testified, was refused because of a reservation of mineral rights in the deed to plaintiff. Thereafter, at some date undisclosed by the record, plaintiff listed the farm or ranch property for sale with a real-estate dealer for the sum of $10,000, which was $1,500 in excess of the purchase price paid by him.

If plaintiff was induced to purchase the property by reason of false and fraudulent representations made by defendant, upon the discovery thereof plaintiff had the option of bringing an action at law for damages resulting by reason of such false and fraudulent representations, or he could institute an action in rescission. *Gordon Tiger Mining & Production Co. v. Brown,* 56 Colo. 301, 138 Pac. 51; *Tisdel v. Central Savings Bank & Trust Co.,* 90 Colo. 114, 6 P. (2d) 912; *Gibraltar Colorado Life Co. v. Brink,* 113 Colo. 304, 157 P. (2d) 134. He elected rescission, and, having done so, is bound thereby. The court and attorneys, without questioning the sufficiency of the complaint, treated it as stating a cause of action in rescission, and we shall so consider it.

When one is induced to enter into a contract for the purchase. of land by false and fraudulent representations, the contract is voidable and not void (24 Am. Jur., p. 36, §210), and the power of avoidance is lost if the injured party, after acquiring knowledge of the false and fraudulent representations which induced him to enter into the purchase of the farm or ranch property, exercises dominion over the property and treats it as his own, for by so doing he affirms the purchase and waives any cause of action for rescission which he might otherwise have.

It is a general rule of law which is firmly established in this jurisdiction that:

"If a party, having the right to rescind a contract, does

any act which amounts to an admission of the existence of the contract, he cannot afterwards elect to treat it as void. [citing cases]

\ * * *

"It is also an equally well settled rule of law that when a party, by reason of fraud or failure of the other party to perform, has the right of rescission, he must exercise it at once, as soon as the fraud comes to his knowledge or the default occurs." *Auld v. Travis,* 5 Colo. App. 535, 39 Pac. 357.

"Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose, and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted." *Grymes v. Sanders,* 93 U. S. 55, 23 L. Ed. 798.

Generally, to the same effect, see: *Shappiro v. Goldberg,* 192 U. S. 232, 24 Sup. Ct. 259, 48 L. Ed. 419; *Massachusetts Bonding & Insurance Co. v. Anderegg,* 83 F. (2d) 622; *Brown v. Gordon Tiger Co.,* 44 Colo. 311, 97 Pac. 1042; *Fountain Valley Land & Irrigation Co. v. Wagoner,* 59 Colo. 55, 147 Pac. 333; *Lowe v. Howell,* 64 Colo. 100, 170 Pac. 180; *Tisdel v. Central Savings Bank & Trust Co., supra;* 12 Am. Jur., p. 1030, §449; 24 Am. Jur., p. 36, §210; 17 C.J.S., p. 927, §445; 3 Pomeroy's Equity Jurisprudence (5th ed.), p. 596, §916; 3 Black on Rescission and Cancellation (2d ed.), p. 1449, §596, et seq.; Restatement of the Law—Contracts—p. 920, §482, et seq.; Bowers Law of Waivers, p. 77, §71.

In the present case, according to plaintiff's testimony, after his discovery of the alleged fraud practiced by defendant, he attempted to secure a loan on the farm or ranch property which he could do only if he was the owner thereof, and subsequently, while still in posses-

sion of the property, and, for aught appearing in the record, prior to the filing of the action herein, he listed the farm or ranch property with a real-estate agent for sale at a price which, if realized, would result in a $1,500 profit to him, but which sale could not have been consummated by plaintiff unless he was the owner. In these two instances, he having treated and considered the sale of the farm or ranch property to him by defendant as conveying the title evidenced by his deed, he waived any cause of action in rescission.

Other specifications have been examined and found to be without merit.

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.