No. 16,614.

KERNS *v.* BANK OF MANITOU.
(242 P. [2d] 817)

Decided March 24, 1952.

Messrs. BENNETT & HEINICKE, for plaintiff in error.

Messrs. FOARD BROTHERS, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE refer to the parties to this litigation by name, or as they were designated in the trial court.

Kerns, on June 18, 1948 filed a complaint against the bank alleging that he negotiated with said bank in September, 1946 for a quitclaim deed to a certain tract of land in El Paso County, Colorado, believing that the boundaries of said land were other than they actually

were, and that upon this land there was located a stone foundation, retaining wall, etc. Plaintiff obtained a quit-claim deed from the bank in September, 1946. Further he alleged that in January, 1948 he had reason to believe that there was doubt about the building site being on the land he had purchased, and in March, 1948 a survey was made which disclosed that the land upon which the old foundation was located was some 250 feet east of the tract of land actually conveyed; that in April, 1948 he notified the bank he elected to rescind the contract, and demanded return of the consideration paid for the quit-claim deed. Plaintiff prayed for a rescission of the contract and for damages.

Issue being properly joined, the trial court found that when plaintiff and the bank were negotiating for the sale of this land, the bank's representative pointed out the location of the stone foundation to the defendant, and indicated that it was situated on the property the bank owned and would convey. It made further findings, that the bank acquired title to the land through a county treasurer's deed issued pursuant to a sale for delinquent taxes; that the greater part of this tract had at one time been platted and the plat vacated; that neither party to this action knew the boundaries of the land; that in March, 1948 both parties ascertained from the survey that the old foundation was not on the tract actually conveyed; that thereafter and from May 19, 1948 to August 10, 1948 plaintiff carried on negotiations for the sale of this land with one Chitwood; and that August 3, 1948 plaintiff paid the 1947 taxes levied against said land. The trial court held that by his acts plaintiff ratified the contract. By a supplemental finding the trial court declared that the acts of ownership exercised by plaintiff were the payment of the 1947 taxes in 1948 and the negotiations with Chitwood for the sale of the land, plaintiff to furnish an abstract of title and to quiet title to the land, and that plaintiff's attorney advised Chitwood, "the property was subject to this litigation and that any sale would

have to be made with reference thereto, although the sale would no doubt settle the litigation." Plaintiff's complaint was dismissed and he brings the case here for review by writ of error.

The issue of plaintiff's affirmation of the contract was not pleaded by defendant. The evidence presented at the trial is not before us, as no reporter's transcript has been filed.

It is urged that the trial court's conclusions of law are not in accordance with, or warranted by, the findings of fact, and that on the findings the plaintiff is entitled to a reversal of the judgment; that the deed in the instant case did not represent the true intent of either plaintiff or defendant.

Defendant contends that our decision in *Wark v. Bopp*, 119 Colo. 12, 199 P. (2d) 892 is conclusive of the law involved in this case. It was therein stated: "When one is induced to enter into a contract for the purchase of land by false and fraudulent representations, the contract is voidable and not void (24 Am. Jur., p. 36, §210), and the power of avoidance is lost if the injured party, after acquiring knowledge of the false and fraudulent representations which induced him to enter into the purchase of the farm or ranch property, exercises dominion over the property and treats it as his own, for by so doing he affirms the purchase and waives any cause of action for rescission which he might otherwise have."

The facts as shown by the findings in the instant case do not bring it within the rule above quoted. Here we have a case of mutual mistake. Plaintiff's conduct after he brought suit was not an assertion of ownership. Specifically he represented to the prospective buyer that the rescission suit was pending; that a sale could not be consummated without consideration thereof; and he expressed the conviction that "such sale would no doubt settle the litigation." His offer to sell was for the identical price he had paid the bank for the land. It was plaintiff's duty to protect the land from tax sale, thereby

placing himself in a position to reconvey the title to defendant if so ordered by the court, should his suit be successful.

The case of *Watts v. British and American Mortgage Co.*, 60 Fed. 483, involved a situation where a mortgage company filed a bill "to rescind a mortgage and procure a decree for the return of the money loaned." Later, it advertised the premises for sale under the mortgage; made no attempt to complete the sale; but pressed its suit for rescission. It was held that the act of advertising was not an affirmance of the mortgage.

A contract induced by false and fraudulent representations, or mutual mistake, is voidable and not void, and if the injured party, with knowledge of the false and fraudulent representations, or mutual mistake, exercises dominion over the property and treats it as his own, he waives his right to rescind. *Wark v. Bopp, supra.*

Under the findings of the trial court there was no showing that plaintiff had exercised dominion over the property and treated it as his own. He was being opposed in his effort to rescind the contract of sale, and his actions were consistent when he attempted to forestall further litigation by his offer to sell to Chitwood.

The judgment is reversed and the cause remanded with directions to proceed in a manner consistent with the views expressed in this opinion.

Mr. Justice Alter dissents.