**ALFRED BROWN COMPANY, a Utah corporation, Plaintiff-Appellant, Cross-Appellee,**

v.

**JOHNSON–GIBBONS & REED WESTERN PAVING–KEMPER, a Joint Venture, and the Four Partners of the Joint Venture, Al Johnson Construction Co., Gibbons & Reed Co., Western Paving Co., and Kemper Construction Co., the Continental Casualty Insurance Company, the Travelers Insurance Company, Federal Insurance Company, United States Fidelity and Guaranty Company, Firemen's Insurance Company of Newark, N.J., Travelers Indemnity Company, the Aetna Casualty and Surety Company, Defendants and Third Party Plaintiffs-Appellees, Cross-Appellants,**

v.

**GENERAL INSURANCE COMPANY OF AMERICA, Third Party Defendant-Appellant, Cross-Appellee.**

No. 80CA0293.

Colorado Court of Appeals,
Div. I.

July 19, 1984.

Rehearing Denied Aug. 30, 1984.

Certiorari Denied Feb. 19, 1985.

---

Grant, McHendrie, Haines & Crouse, P.C., Charles H. Haines, Jr., Julia O. Robinson, Denver, for plaintiff-appellant, cross-appellee Alfred Brown Co. and third party

defendant-appellant, cross-appellee General Ins. Co. of America.

Gorsuch, Kirgis, Campbell, Walker & Grover, Richard B. Harvey, Denver, Carlsen, Greiner & Law, Wellington H. Law, Minneapolis, Minn., for defendants and third party plaintiffs-appellees, cross-appellants.

BERMAN, Judge.

The litigation at issue here concerns the construction of the Eisenhower Tunnel on Interstate Highway I–70 at the Continental Divide. Plaintiff, Alfred Brown Company (ABCO), appeals on three grounds from judgments entered in its contract action against defendants: Colorado Department of Highways (CDH); Tippets-Abbett-McCarthy-Stratton; and Al Johnson Construction Company, Gibbons Reed Company, Western Paving Company, and Kemper Construction Company, a joint venture, doing business under the style of Straight Creek Constructors (SCC), and their named bonding companies. SCC cross-appeals the award of moratory interest to ABCO. We affirm.

## I.

ABCO's first contention is that SCC breached its contract with ABCO and violated § 24–91–103, C.R.S. (1982 Repl.Vol. 10) by refusing to pay ABCO the $679,000 "talking figure" which had been discussed on December 3, 1970, during certain settlement negotiations between CDH and SCC and that, therefore, the trial court erred in concluding that the $679,000 figure was not binding upon SCC or the court. We perceive no contractual or statutory breach by SCC in its settlement with CDH or ABCO. Rather, the trial court's findings are supported by the record; therefore, we hold that the trial court did not err in its treatment of the settlement of ABCO's claim. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

## II.

ABCO's second contention is that the trial court erred, as a matter of law, in finding that any breaches by SCC of its contract with ABCO were "not such as to void the contract" and in concluding, therefore, that ABCO's quantum meruit claim must be dismissed. Again, our review of the record supports the trial court's findings and conclusions. Thus, the trial court was correct in finding that the contract between SCC and ABCO was not void. *Page v. Clark, supra.*

## III.

ABCO's final contention is that the $750,000 damage award, plus interest at 6% on $400,000 of that award, is inadequate. Specifically, ABCO claims the trial court erred in: (1) failing to include a masonry subcontractor's overrun of $150,000 in fashioning the general damage award to ABCO; (2) denying quantum meruit recovery to ABCO; and (3) providing a 6% instead of an 8% rate for moratory interest and assessing it only on the amount of $400,000, instead of on the amount of $679,000. SCC cross-appeals for reversal of the award of moratory interest to ABCO. Once again, we disagree with ABCO's contention of error.

Determining the appropriateness of damages to which ABCO was entitled was a difficult task for the trial court. The court found that ABCO's damage evidence was both "to say the least, ... fluctuating" and "suspect." This conclusion was based on the court's findings that ABCO's claimed computation erroneously "attributed every delay on the job to SCC ... [and] ignored its own delay," and that "[t]he claim was premised upon an accounting re-construction with no explanation of on-job-site account." ABCO does not contest these factual findings on appeal.

Lacking specificity of evidence on damages, the trial court held that "preciseness of amount is not necessary" and awarded $750,000 general damages to ABCO, $500,000 of which the court held ABCO was entitled to as of December 1970 when SCC had received $5 million in settlement from CDH. Although ABCO has divided this

$750,000 award into two sums, one of $500,000 (for settlement "instead of $679,-000") and one of $250,000 (for "breaches of SCC ... from June 1, 1968, to ... March of 1972"), such itemization of the $250,000 figure is purely speculative since the court did not itself attribute specific damages to any specific times and events.

### A.

■ ABCO's argument that the masonry subcontractor's overrun of $150,000 ought to be added to ABCO's general award of damages simply because ABCO was required to pay that amount to its masonry subcontractor is meritless. ABCO points to no evidence at trial causally tying such excess to any breach of contract by SCC. Furthermore, ABCO points to no evidence at trial or statements in the trial court's findings and conclusions supporting ABCO's conclusory statement that "it is clear that the trial court did not consider the masonry subcontractor's overrun of $150,000 in fashioning the general damage award to ABCO of $250,000." Under these circumstances, we perceive no error in the amount of general damages awarded by the trial court.

### B.

■ ABCO's claim for quantum meruit relief is, likewise, without merit. It is true that where a material contractual breach occurs, the aggrieved party can rescind the contract and seek to recover the reasonable value of its services in equity. However, it is a "firmly established" rule of law in Colorado that:

"If a party, having the right to rescind a contract, does any act which amounts to an admission of the existence of the contract, he cannot afterwards elect to treat it as void." *Wark v. Bopp,* 119 Colo. 12, 199 P.2d 892 (1948).

■ Here, ABCO performed several acts which amounted to an "admission of the existence of the contract." ABCO continued to perform and receive payment for its work, and it executed an addendum to its subcontract with SCC which reaffirmed its duty under the original subcontract with SCC.

■ Even more important than this inherent inconsistency between ABCO's alternating affirmation of the contract and its disaffirmation of the contract on appeal for purposes of quantum meruit recovery is the fact that the trial court specifically found no breaches by SCC sufficiently material to justify any voiding or rescission of the contract by ABCO. We agree with that finding by the trial court and, hence, hold that the trial court's denial of quantum meruit recovery was correct.

### C.

ABCO's final contention is that the trial court erred in awarding it moratory interest at 6% instead of at 8% and in awarding it interest at that rate on only the sum of $400,000, instead of on the sum of $679,-000. SCC cross-appeals for the reversal of the total award of moratory interest to ABCO. We disagree with both ABCO's contention and with SCC's contention on cross-appeal.

■ Here, the trial court found that: "ABCO was entitled, at the least, to $500,-000 when settlement was made in December 1970, between SCC and CDH." However, since the court found that SCC advanced $100,000 interest-free to ABCO, the court awarded interest only on the sum of $400,000, apparently on the basis that it was the net sum of $400,000 which SCC wrongfully withheld from ABCO. Interest on this sum, rather than on the sum of $679,000, was appropriate because the record supports the trial court's finding that the $679,000 figure was only a "talking figure," rather than an amount which SCC was obligated to pay to ABCO.

■ As regards the 6% rate of interest assigned by the trial court, ABCO failed to present any evidence at trial specifically as to the appropriate rate of *moratory* interest. In the absence of any proof as to the guilty party's gain, the statutory rate of interest should be awarded as damages. *Davis Cattle Co. v. Great W. Sugar*

Co., 544 F.2d 436 (10th Cir.1976), *cert. denied,* 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977). The statutory rate of interest in effect for transactions, such as the one at issue here, which were entered into or accrued before July 1, 1975, was 6%. Section 5–12–102, C.R.S. The amendment to § 5–12–102, C.R.S., allowing interest at a rate of 8% does "not operate retrospectively to affect a pre-existing transaction." *Weather Engineering & Manufacturing, Inc. v. Pinon Springs Condominiums, Inc.,* 192 Colo. 495, 563 P.2d 346 (1977).

Since the award of interest here was moratory and "wholly independent of statute, ... [w]hether interest will be allowed [and] at what rate ... is wholly in the discretion of the trial court." *Heller v. First National Bank,* 657 P.2d 992 (Colo. App.1982). Here, as in *Heller, supra,* in view of the court's factual findings, its award of interest is "amply supported and justified."

All remaining contentions of error are without merit.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.