George LANES, Complainant–Appellee and Cross–Appellant,

v.

STATE AUDITOR'S OFFICE, Respondent–Appellant and Cross–Appellee,

and

State Personnel Board, Cross–Appellee.

No. 88CA1749.

Colorado Court of Appeals, Div. V.

March 29, 1990.

Rehearing Denied May 17, 1990.

Certiorari Denied Oct. 9, 1990.

Lawrence Katz, Lakewood, Thomas J. Mangan, Denver, for complainant-appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maurice Knaizer, Deputy Atty. Gen., Denver, for respondent-appellant and cross-appellee.

Opinion by Judge RULAND.

Pursuant to the remand in *Lanes v. O'Brien,* 746 P.2d 1366 (Colo.App.1987), the State Personnel Board determined the award due petitioner, George Lanes, for termination of his employment by the State Auditor's office in violation of the Whistleblower Act, § 24–50.5–101, et seq., C.R.S. (1988 Repl.Vol. 10B). Both Lanes and the Auditor appeal from the order of the Board. We find no merit in Lanes' appeal, and we remand for a new hearing on the Auditor's appeal.

In conjunction with the proceedings to determine a proper award, the parties stipulated to the amount of back pay owed Lanes. As to the remaining issues, a hearing officer designated by the Board ruled that Lanes was not entitled to interest on back pay, but that he was entitled to off-set expenses incurred in seeking other employment from the income he earned. The hearing officer also ruled that Lanes must reimburse the Auditor for amounts paid Lanes following his termination for unused annual leave. Finally, based upon a rule adopted after Lanes' termination, the hearing officer ruled that Lanes was entitled to only 288 hours of accrued annual leave.

Acting in executive session, the Board reversed the decision of the hearing officer as to interest, and it affirmed the hearing officer on the other issues.

## I.

■ The Auditor first contends that the Board's order is void because it failed to comply with the Open Meetings Law, §§ 24–6–401 and 24–6–402, C.R.S. (1988 Repl.Vol. 10A). Lanes responds that because the action of the Board was quasi-judicial in nature, an open meeting was not required. We agree with the Auditor.

The parties agree that the Board is subject to the Open Meetings Law. *See* § 24–50–103, C.R.S. (1988 Repl.Vol. 10B) and § 24–6–402(1), C.R.S. (1988 Repl.Vol. 10A). The express language of the statute resolves the issue presented, and we must apply the statute as written.

Section 24–6–402(2.5), C.R.S. (1988 Repl. Vol. 10A) requires that:

"All meetings held by members of a public body ... *to consider the ... compensation of,* or the investigation of charges or complaints against, *a public official or employee shall be open to the public* unless said applicant, official, or employee requests an executive session." (emphasis supplied)

Absent a request by the employee for an executive session, § 24–6–402(4), C.R.S. (1988 Repl.Vol. 10A) invalidates any "formal action" taken by the Board that is not taken at an open meeting. And, "action" includes a meeting to determine entry of an order representing final agency action. *See* § 24–4–102(1), C.R.S. (1988 Repl.Vol. 10A).

■ Thus, contrary to Lanes' contention, the fact that the Board was acting in a quasi-judicial capacity did not negate its obligation to comply with the Open Meetings Law. Also, contrary to Lanes' assertion, once the failure to hold an open meeting was challenged, Lanes' "after the fact" approval of the Board's executive session was not sufficient to validate the Board's meeting under § 24–6–402(4), C.R.S. (1988 Repl.Vol. 10A).

## II.

■ Among the issues that will arise on remand is the Auditor's contention that the Board erred in awarding Lanes interest on his back pay and benefits. We conclude there was no error in this award.

Section 24–50.5–104(2), C.R.S. (1988 Repl. Vol. 10B) grants the Board certain discretion in fashioning the proper remedy for a wrongfully discharged employee by providing that:

"[T]he board *shall order the appropriate relief, including, but not limited to,* reinstatement, back pay, restoration of lost service credit, and expungement of the records of the employee who disclosed information...." (emphasis supplied)

■ If, as here, the legal injury is of an economic character, compensation should be equal to the injury. *Department of Health v. Donahue,* 690 P.2d 243 (Colo. 1984). Moratory interest is an element of damage that may be awarded as compensation for the detention and use of money. And, the allowance of moratory interest is based upon a consideration of the equities of any particular case. *E.B. Jones Construction Co. v. Denver,* 717 P.2d 1009 (Colo.App.1986); *see Alfred Brown Co. v. Johnson–Gibbons & Reed Western Paving–Kemper,* 695 P.2d 746 (Colo.App.1984).

Here, by virtue of the delay resulting from numerous administrative and judicial proceedings, Lanes was deprived of his back pay for in excess of seven years. Conversely, he was able to secure only limited employment during that period. Therefore, we conclude that the Board did not abuse its discretion in awarding moratory interest to Lanes.

■ Contrary to the Auditor's contention, the hearing officer and the Board did not err in considering the interest issue for the first time following the initial remand from this court. Even if we assume that Lanes did not specifically assert his entitlement to interest in connection with the initial administrative proceeding, the award is discretionary with the Board, and there is no requirement in the statute that interest be formally requested. *See* § 24–50.5–104(1), C.R.S. (1988 Repl.Vol. 10B).

Also, contrary to the Auditor's assertion, we do not view this court's opinion in *Lanes v. O'Brien, supra,* as foreclosing any award of interest. The interest issue was not involved in that appeal.

### III.

■ The Auditor finally contends that the Board erred in allowing Lanes to off-set expenses he incurred in seeking other employment from the income earned from that employment. We perceive no error.

■ When an employee is awarded back pay, there must be a deduction for compensation that the employee earned from other sources which, but for his termination, he would not have earned. *Lanes v. O'Brien, supra.* However, it necessarily follows that expenses incurred to secure and maintain that employment should be deductible because these expenses would not have been incurred but for the wrongful discharge. Accordingly, we conclude that the Board did not err in calculating Lanes' other income based upon the net amount he received.

### IV.

■ In his cross-appeal, Lanes contends that the Board erred in limiting his award of accrued annual and holiday leave pay to 288 hours based upon a rule adopted after he was discharged. He claims that the award should have included an additional 705 hours which would have accrued during the applicable time period had he not been wrongfully discharged. We find no error in the Board's resolution of this issue.

Lanes was entitled to, and did receive, the advantage of pay raises which were adopted during the period covered by the award. By the same reasoning, he must be bound by any limitation on benefits adopted for all employees during the same period. *See Williams v. Saxbe,* 12 Employment Practices Decisions 4763 (D.D.C. No. 74–186, June 30, 1976).

In addition, Lanes concedes that, during the period following his wrongful discharge, he was unemployed for a period in excess of the additional hours requested. Thus, he has in effect received compensation for each of those hours through the award of back pay. Therefore, Lanes has not been damaged. And, Lanes may not recover a windfall. *See Department of Health v. Donahue, supra.*

Lanes' other contentions lack merit.

The Board's order is set aside, and the cause is remanded for a hearing in compliance with the Open Meetings Law.

METZGER and DUBOFSKY, JJ., concur.